Andre **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–01001–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 7, 1991.

Rehearing Denied May 2, 1991.

Kristine Woldy Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Robin Brown, Asst. Harris County Dist. Attys., for appellee.

Before DUGGAN, COHEN and PRICE, JJ.

## OPINION

PRICE, Justice.[1]

A jury convicted appellant of aggravated robbery; the trial judge assessed punishment at 45 years confinement.

In point of error number one, appellant asserts that the trial court erred in charging the jury on the second paragraph in the indictment when the State presented to the jury only the first paragraph, which had previously been abandoned by the State. The State claims that this matter was inaccurately recorded and that the record should reflect that the State properly presented to the jury the second paragraph in the indictment. On June 21, 1990, this Court ordered the trial court to conduct a hearing to settle the matter. TEX.R. APP.P. 55(a). The trial court held a hearing, and on July 19, 1990, the State filed a supplemental statement of facts from that hearing. In the statement of facts, trial court found that the State presented the second paragraph of the indictment to the jury. TEX.R.APP.P. 55(a).

Accordingly, we overrule appellant's first point of error as moot.

Appellant's second point of error asserts that the evidence is insufficient to support his conviction because the State failed to present any evidence corroborating appellant's extrajudicial admissions made to witnesses Brown and McClellan.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

The record reflects that on December 17, 1988, the police went to the complainant's apartment in response to a neighbor's complaint about hearing a gunshot. Upon entering the apartment, the police observed signs of a brief struggle. A kitchen chair was overturned, the radio on the kitchen table was turned on its back, and a ceramic picture was out of place on the loveseat in the living room.

The complainant was found dead, lying on the kitchen floor with a gunshot wound to her head. Her body was clothed, and she was wearing a substantial amount of jewelry. Her purse was on the floor nearby. It was lying upside down and open with its contents still intact. Among the items found in the purse were 75 cents in change and a matchbox containing eight rocks of cocaine. Other cocaine was found in plain view in other areas of the apartment.

The State's case rested primarily on the testimony of two witnesses, Brown and McClellan, both relatives of appellant. They were reluctant witnesses who testified about statements appellant made to them regarding the death of the complainant. They gave inconsistent and conflicting accounts as to what appellant told them.

Brown, appellant's cousin, testified that on the evening of the shooting, appellant's sister, McClellan, had given Brown a ride to his home that was in the same neighborhood as the shooting. Brown and McClellan could see the flashing red lights of the police cars at the complainant's apartment complex. As Brown got out of McClellan's car, appellant walked up, and asked McClellan to give him a ride.

Brown stated that appellant later told him that he had gone to the complainant's apartment to get some rocks of cocaine and was disappointed because the rocks were too small. Appellant told Brown that during this transaction, he shot the complainant in the head with her pistol. Appellant told Brown that he took the complainant's dope, and that he "got everything." During cross-examination by the defense, Brown denied that appellant told him any-

thing about the crime, and stated that he made a written statement to the police implicating appellant because the police had threatened to charge him with the crime. Sergeant Moore testified that the police never accused Brown of committing the offense.

Brown was recalled as a witness by the defense. He claimed appellant never told him about taking anything from the complainant's apartment. On cross-examination, Brown admitted that appellant told him that he took the complainant's jewelry, dope, and money, as well as her pistol.

McClellan was called to testify by the State. She stated that she dropped Brown off, appellant got into her car, and she headed down the street toward the complainant's apartment. Appellant got out of the car after traveling less than a block. Appellant later told her that he, someone named Willie, and another person went to the complainant's apartment to get her dope and money.

Appellant testified and claimed he was with his girlfriend, Pookie, at the time of the crime. He said he had been visiting his grandmother, and had just left there with Pookie when he got into the car with his sister, McClellan. Pookie could not be found to testify at trial.

Thaddeus Lee testified that he was an acquaintance of the complainant. On the night of the shooting, the complainant gave him eight dollars to buy 20 pieces of chicken for her and the children. He said the order cost more than eight dollars so he had to make up the difference.

Appellant argues that the State did not establish the corpus delicti of the offense. He claims the prosecution failed to produce any evidence, independent of appellant's extrajudicial admissions, of the theft element of aggravated robbery.

 It is well established that an extrajudicial admission alone is insufficient to sustain a conviction. The confession must be corroborated by other evidence that establishes the commission of a crime, i.e., the corpus delicti must be proved. *Adrian v. State*, 587 S.W.2d 733, 734 (Tex.Crim.

App. [Panel Op.] 1979). The corpus delicti may be proved by circumstances as well as by direct evidence. *White v. State*, 591 S.W.2d 851, 864 (Tex.Crim.App.1979). Such supplementary evidence need not be conclusive in its character, but must support each element of the corpus delicti. *Self v. State*, 513 S.W.2d 832, 836–37 (Tex. Crim.App.1974). When the corroborating evidence is established, the confession may be used to aid in proving the corpus delicti. *Self*, 513 S.W.2d at 835, 837. To the extent the corpus delicti is based on circumstantial evidence, the confession would render the circumstantial evidence sufficient when it otherwise would not be. *White*, 591 S.W.2d at 864; *Watson v. State*, 154 Tex. Crim. 438, 227 S.W.2d 559, 562 (1950). Once the existence of the offense is established, the confession alone is sufficient to show a defendant's connection to the crime. *Self*, 513 S.W.2d at 837.

This being an aggravated robbery case, the corpus delicti consists of proof of an effort to unlawfully take property and during the course of committing this theft, the complainant received serious bodily injury caused by the criminal act of another. *Watson*, 154 Tex.Crim. at 443, 227 S.W.2d at 562; TEX.PENAL CODE ANN. § 29.02(a)(1) (Vernon 1989); TEX.PENAL CODE ANN. § 29.03(a)(1) (Vernon Supp.1991). It is appellant's contention that there is no independent evidence to suggest that appellant's conduct of killing the complainant occurred while in the course of committing theft. "In the course of committing theft" is defined as conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. TEX.PENAL CODE ANN. § 29.01(1) (Vernon 1989).

According to Brown and McClellan, appellant admitted going to the complainant's apartment to acquire drugs. While there, he shot the complainant in the head using her pistol. Appellant left after taking the complainant's jewelry, drugs, pistol, and money.

The investigating officers testified that when they found the complainant's body, she was wearing gold rings on all eight fingers, three gold necklaces, gold bracelets, and golden earrings. There was no evidence of any attempt to remove any of this jewelry from the body. No one testified that the complainant owned any more jewelry than what she was wearing. Appellant was never seen in possession of any jewelry, and none was recovered from him or at his direction. No evidence showed that any property in the apartment before the murder was not in the apartment after the murder.

The same is true about the murder weapon. The police never recovered any weapon. No one offered testimony that the complainant ever owned a weapon, or that appellant was ever in possession of one.

Finding drugs at the scene might corroborate appellant's statement that he went to the apartment to acquire drugs, but does not suggest or corroborate an allegation of theft or attempted theft. Cocaine was found in a matchbox in the complainant's purse, as well as in plain view in other areas of the apartment. There was no evidence that any of the drugs had been tampered with or that the complainant possessed any more than what was found. No one ever saw appellant in possession of any contraband that night.

The complainant's purse was found laying on the kitchen floor upside down and open. The items inside of the purse were intact and undisturbed. This condition of the purse is consistent with signs of a struggle. The officers discussed finding other items in the apartment disturbed and out of place and described the situation as one involving a brief struggle. There is nothing about the condition of the purse that suggests a theft or attempted theft, especially considering the contents were undisturbed.

The only money found in the purse was 75 cents in change. Earlier in the evening, money was given to witness Lee to purchase chicken. The money was not sufficient to pay for the order. Even though the complainant never told Lee that she had no more money, there was no evidence offered to indicate that she did, and it would be wrong to speculate otherwise.

No one offered any testimony that appellant was in possession of any money that could have been acquired by theft.

Viewing the evidence from the standpoint most favorable to the State, the testimony summarized above does no more than establish an opportunity to commit theft or attempted theft. Thus, while the evidence may be sufficient to establish the corpus delicti of murder, we hold this evidence is not sufficient to establish the corpus delicti of aggravated robbery.

Under the mandate of the Supreme Court of the United States in *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978), a judgment of conviction must be set aside if the evidence is insufficient to support a finding of guilty, and an order of acquittal ordered.

Accordingly, the judgment of conviction is reversed and remanded to the trial court with instructions to enter a judgment of acquittal.

DUGGAN, J., dissents.

DUGGAN, Justice, dissenting.

I dissent.

I agree with the majority that the corpus delicti of an offense may be proved "by circumstances as well as by direct evidence," citing *White v. State*, 591 S.W.2d 851, 864 (Tex.Crim.App.1979), and that "supplementary evidence [of an offense necessary to corroborate an extrajudicial admission] need not be conclusive in its character but must support each element of the corpus delicti," citing *Self v. State*, 513 S.W.2d 832, 836–37 (Tex.Crim.App. 1974). Maj. op. at 805.

However, I disagree with the majority's conclusion that the State in our case has failed to produce any evidence, independent of appellant's extrajudicial admissions, that appellant's conduct occurred "in the course of committing theft."

Admittedly, conduct committed "in the course of committing theft" is not shown in every scene where a woman's purse is found laying on a floor, open and inverted, containing 75 cents in change and a matchbox holding eight "rocks" of cocaine. However, I believe human experience tells us that "conduct in the course of committing theft" is strongly indicated when, in addition to the purse, the scene also includes both (1) the dead body of the woman who owns the purse, lying on the floor of her kitchen with a gunshot wound through her head, and (2) evidence of a struggle throughout her kitchen and living room.

I believe that evidence of the latter scene, which is present in this case, is corroboration of appellant's extrajudicial admission of the crime sufficient to sustain a conviction.

I would overrule appellant's second point of error and affirm his conviction.