Leslie KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–01387–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 2005.

---

Joseph Salhab, Houston, for appellant.

Kelly Ann Smith, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and SEYMORE.

## OPINION

ADELE HEDGES, Chief Justice.

A jury found appellant Leslie King guilty of aggravated robbery and sentenced him to thirty years' imprisonment. Appellant brings this appeal, claiming that the evidence was legally and factually insufficient to convict him. We affirm.

The evidence shows that on April 23, 2003, two men entered the Handi Grocer on South Dairy Ashford in Houston. The store's owner, Sajid Murtaza, testified that a man later identified as appellant bought water and candy while the other man, later identified as Lando McCain, stood at the door. A short while later, the men returned. Murtaza testified that while McCain was obtaining change for a dollar from him, appellant entered the store with a backpack and stood near the door. Appellant then took a gun from his backpack, pointed it at Murtaza while walking toward him, and said, "I'm going to shoot you," or "I'm going to kill you." Appellant fired one shot at Murtaza, who ducked, removed his own weapon from under the counter, and fired four shots at the fleeing appellant. Appellant and McCain were later apprehended when McCain stopped to call for aid for the wounded appellant. The incident was recorded on the store's security videotape.

■ We utilize the normal standards of review in evaluating legal and factual sufficiency claims. *See Jackson v. Virginia,*

443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (legal sufficiency); *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex. Crim.App.2004) (factual sufficiency); *King v. State,* 29 S.W.3d 556, 562–63 (Tex.Crim. App.2000) (legal sufficiency). In order to obtain a conviction for aggravated robbery in this case, the State was required to prove beyond a reasonable doubt that appellant, while in the course of committing theft of property, with intent to obtain and maintain control of the property, intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death. TEX. PEN.CODE ANN. §§ 29.03 (Vernon 2003). The State was also required to prove that appellant used or exhibited a deadly weapon in the course of committing the offense. *Id.* Appellant claims that the evidence lacks legal and factual sufficiency due to the State's failure to prove he committed or attempted to commit theft. We disagree.

■ Under Texas law, actual commission of theft is not a prerequisite to the commission of robbery. *Autry v. State,* 626 S.W.2d 758, 762 (Tex.Crim.App.1982). Intent to steal may be inferred from an appellant's actions or conduct. *Chastain v. State,* 667 S.W.2d 791, 795 (Tex.App.-Houston [14th Dist.] 1983, pet. ref'd). In *Autry,* 626 S.W.2d at 762, *Johnson v. State,* 541 S.W.2d 185, 186–87 (Tex.Crim. App.1976), and *Chastain,* 667 S.W.2d at 795, the courts considered sufficiency challenges in cases with fact patterns similar to this case: robbery or attempted robbery without evidence of specific demand for or removal of money or property. In all three cases, the appellate courts held that the evidence was sufficient to convict the appellants of aggravated robbery based on overall circumstances, despite the fact that there was no evidence of a demand being made.

By contrast, in *Thomas v. State*, the Court of Criminal Appeals held that sufficient evidence of theft or attempted theft did not exist to convict appellant of aggravated robbery. 807 S.W.2d 803, 806 (Tex. App.-Houston [1 Dist.] 1991). *Thomas*, however, dealt with evidence necessary to corroborate an extrajudicial admission, something not at issue in this case. *Id.* at 805. *Thomas* is further distinguishable based on the facts that the murder victim was found in her home, with money, jewelry, and drugs still present on her person and in her apartment and her assailant was someone known to her. *Id.* at 806–07. The court therefore held that motives for her murder other than robbery could have existed. *Id.*

Here, appellant and McCain entered and left the store, returning ten to fifteen minutes later. Appellant entered, carrying a backpack. He approached Murtaza with a gun drawn and shot at him, then fled the store with McCain once Murtaza fired his own weapon. There is no evidence that appellant and Murtaza were anything other than complete strangers. Taking into account this evidence and the fact that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we find that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King*, 29 S.W.3d at 562–63. That is, viewing the evidence in the light most favorable to the verdict, we find that a rational jury could have inferred from appellant's conduct that he intended to rob Murtaza.

Appellant also argues that in a legal sufficiency review a vital fact cannot be established "by stacking inference upon inference." *Richardson v. State*, 834 S.W.2d 535 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd) (op. on reh'g); *see also Lee v. State*, 152 Tex.Crim. 401, 214 S.W.2d 619, 622 (1948). He contends that his intent to steal is a vital fact that cannot be established by stacking inferences. We do not believe that the State's proof was based on one inference drawn from another. The "evidentiary 'facts'" that appellant claims the State relied on to stack inference upon inference are: appellant's parking his car in an adjacent lot, the "casing" of the store by appellant and McCain prior to the offense, and appellant's return with a backpack containing a firearm. These facts do not require us to draw one inference from another. Instead, each of these facts taken alone goes to show independently that appellant intended to commit theft. Taking into account the fact that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we find that a rational trier of fact could have found the essential elements of the offense, including appellant's intent to commit theft, beyond a reasonable doubt. *King*, 29 S.W.3d at 562–63. The evidence is therefore legally sufficient to support appellant's conviction.

We also find that a neutral review of the evidence does not show that the proof of guilt is so weak that it demonstrates that the verdict is clearly wrong and manifestly unjust; neither is the contrary proof so strong that the reasonable doubt standard could not have been met. *Zuniga*, 144 S.W.3d at 484–85. The evidence is therefore factually sufficient to support appellant's conviction.

Appellant's points of error are overruled; we affirm the judgment of the trial court.