

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00024-CR
_____

CHARLES TERRELL MCCLURE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22195

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Charles Terrell McClure pleaded guilty to constructive delivery of methamphetamine weighing more than four grams but less than 200 grams, a first degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp. 2008) (methamphetamine is penalty group 1 controlled substance), § 481.112(a), (c) (Vernon 2003) (criminalizing delivery of penalty group 1 controlled substance and assigning punishment range provided for first degree felonies). A jury assessed his punishment at twenty years' imprisonment and a fine of $1,000.00. McClure now appeals, raising two challenges to the trial court's decision to admit extraneous offense evidence at this punishment trial. We overrule both issues and affirm the trial court's judgment.

## I.     Did Sufficient Evidence Support Admission of the Extraneous Offenses?

In his first point of error, McClure contends the trial court erred by admitting extraneous misconduct evidence during the punishment phase of the trial when this extraneous offense evidence was unsupported by sufficient evidence such that a rational trier of fact could find beyond a reasonable doubt that McClure engaged in the alleged extraneous misconduct.

### A.     Standard of Review

A court may admit any evidence relevant to the issue of punishment during that phase of a trial:

> including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is

2

shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2008). Thus, "[u]nless the extraneous misconduct evidence is such that the sentencing entity (either judge or jury) can rationally find the defendant criminally responsible for the extraneous misconduct, the trial court is not permitted to admit it at a punishment hearing." *Smith v. State*, 227 S.W.3d 753, 759–60 & n.16 (Tex. Crim. App. 2007) (citing *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996) (plurality opinion)). Ultimately, a trial court's decision to admit or exclude evidence of an extraneous offense will not be disturbed absent a showing that the trial court abused its discretion. *Mitchell*, 931 S.W.2d at 953.

**B.      Evidence at Issue**

Before calling any witnesses, counsel from both sides had a short bench conference in which the State made an offer of proof. The prosecutor explained to the trial court that the police interviewed McClure post-arrest. During the interview, McClure admitted to selling methamphetamine in quarter-gram amounts on twenty to twenty-five different occasions during the nine-month period immediately preceding his arrest. McClure contended the expected evidence would be insufficient to show McClure engaged in this conduct beyond a reasonable doubt. The trial court overruled the objection and permitted the State's witness to discuss that evidence.

3

Leigh Foreman, a police officer for the City of Paris, testified that, during a post-arrest search of McClure's vehicle, police found evidence suggesting McClure was a "very large-scale [drug] trafficker." Foreman testified that police found an electronic scale, several spoons, and hundreds of small-sized plastic bags commonly used by narcotics traffickers—some of which still contained illegal drugs and were marked with prices that Foreman testified were consistent with the street values of those drugs.

Once Foreman had provided the jury with the background surrounding McClure's arrest, he then proceeded to provide details about a custodial interrogation he conducted of McClure. It was during this interrogation that McClure admitted he had been selling drugs during the previous nine-month period.[1] Shortly after his brother's death the previous year, McClure found a three- or four-pound cache of methamphetamine in his brother's house. McClure then decided he would sell the drugs so he could save money to buy a house.[2] Foreman then said McClure had admitted completing approximately twenty to twenty-five narcotics sales during the period from Christmas 2006 through March 15, 2007. McClure reportedly further admitted that the majority of these sales were for quarter-gram to half-gram amounts. And McClure also reportedly admitted to having sold drugs to

[1]Foreman later stated he believed McClure had lied about only being a drug dealer for nine months.

[2]McClure reportedly admitted he had saved about $7,000.00 from these drug sales to buy a house.

4

two City of Paris employees on the morning before the police arrested him for the charges that were then on trial.

With this background in mind, we turn to the merits of McClure's first issue.

### C.     *Distinguishing* **Thomas** *and* **Bulington**

McClure cites *Thomas v. State*, 807 S.W.2d 803 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd), and *Bulington v. State*, 179 S.W.3d 223 (Tex. App.—Texarkana 2005, no pet.), for the proposition that the State's failure to provide evidence to corroborate a confession renders that confession insufficient to establish commission of the crime.  In *Thomas*, the appellant was convicted of aggravated robbery; on appeal he argued, *inter alia*, that the evidence was insufficient to support that conviction because the State failed to present any evidence corroborating his extrajudicial confessions.  807 S.W.2d 803, 804–07.  In *Bulington*, the appellant was convicted of capital murder and sentenced to life; on appeal, he argued the evidence was legally insufficient to corroborate the testimony of an accomplice witness. Both *Thomas* and *Bulington* addressed whether there was sufficient evidence brought forth during guilt/innocence to corroborate the accused's confession *to the charges for which he was then on trial*.  Neither *Thomas* nor *Bulington* addressed whether *extraneous* offense evidence was sufficiently corroborated during the *punishment* phase of the trial.  Accordingly, *Thomas* and *Bulington* provide no guidance for the issue now being raised by McClure.

5

### D.     *The Trial Court Did Not Err*

Article 37.07 of the Texas Code of Criminal Procedure is not a sufficiency of the evidence rule; instead, that provision governs what kind of evidence may be introduced at law. *York v. State*, 258 S.W.3d 712 (Tex. App.—Waco 2008, pet. filed). Nor does Article 37.07 appear to expressly require corroboration of confessions during the punishment phase of trial. *Compare* TEX. CODE CRIM. PROC. ANN. art. 37.07 *with* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005) (requiring State to corroborate guilty plea by bringing forth sufficient evidence to substantiate guilt).

We have not been directed by the parties to any appellate cases that have addressed whether Article 37.07 of the Texas Code of Criminal Procedure requires corroboration of extrajudicial confessions admitted during the punishment phase of a trial. Nevertheless, our independent research has found two such Texas decisions. In *Malpica v. State*, 108 S.W.3d 374 (Tex. App.—Tyler 2003, no pet.), the appellant challenged the sufficiency of the extraneous offense evidence admitted during punishment. The court of appeals overruled his contention and expressly held that "[a]n extra-judicial confession of the extraneous offense need not be corroborated." *Id.* at 378. The First Court had previously reached the same conclusion in *Padron v. State*, 988 S.W.2d 344, 346 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The *Padron* court noted "there is no authority regarding the need for corroboration of extrajudicial admissions to extraneous offenses." *Id.*

In a somewhat similar case, the Texas Court of Criminal Appeals has held that the rule requiring corroboration of accomplice witness testimony about extraneous offenses does not apply

during the punishment phase of a capital murder trial. In *Bible v. State*, the court held "the *corpus delicti* doctrine does not apply to extraneous offenses offered at the punishment phase of a capital murder trial." *Bible v. State*, 162 S.W.3d 234, 247 (Tex. Crim. App. 2005). *Bible* thus stands for the proposition that the State need not provide evidence to corroborate an accomplice's testimony about an extraneous offense committed by the accused when such evidence is brought forth during the punishment phase of a capital murder trial. *Id.* In deciding *Bible*, this state's highest criminal court reasoned that, at the point when a capital jury is considering the accused's punishment, the jury is "not faced with the specter of a totally innocent defendant being convicted for a crime that never occurred solely on the basis of a confession resulting from official coercion or the defendant's own delusions." *Id.*

While *Bible* concerned extraneous offense evidence admitted during the punishment phase of a capital murder trial, we see no reason to judicially impose a higher burden of corroboration in *noncapital* cases (such as this case) than that burden which the Texas Court of Criminal Appeals expressly refused to extend to *capital* cases. Instead, we agree with our sister courts' conclusions in *Malpica* and *Padron*, and we hold that extrajudicial confessions of extraneous offenses need not be corroborated at the punishment phase of a jury trial; instead, the only limitation is whether the jury independently believes such confessions prove the alleged extraneous offenses beyond a reasonable doubt.

In this case, McClure's custodial confession to Foreman about dealing drugs would, if believed by the jury, be sufficient to support the conclusion that (beyond a reasonable doubt) McClure had engaged in such conduct. *Cf. Torres v. State*, 92 S.W.3d 911, 916–17 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (jury free to rely on circumstantial evidence contained in extrajudicial confession that Torres committed murder; evidence insufficient for conviction). The prosecutor's initial proffer during the bench conference informed the trial court that the expected testimony would show McClure admitted to selling methamphetamine in quarter-gram amounts during twenty to twenty-five different transactions over a nine-month period. This summary of the expected testimony provided the trial court with enough information to conclude the expected evidence alone would (if believed by the jury beyond a reasonable doubt) support the conclusion that McClure had committed these other crimes.[3] Article 37.07 did not require the State to provide, nor did Article 37.07 require the trial court to first hear, additional corroborating evidence before the extrajudicial confession to these extraneous offenses could be admitted during the punishment phase of the trial. No error has been shown.

---

[3]The trial court in McClure's case instructed the jury that it was not to consider evidence of "any crime or other bad act" that had been admitted at trial "unless [the jury] believe[d] beyond a reasonable doubt that the Defendant in this case committed said offense or bad act."

## II.    Probative Value Versus Prejudicial Impact

In his second point of error, McClure contends the probative value of the extrinsic offense was substantially outweighed by its potential for prejudice. The record shows McClure preserved this issue by first raising this objection during trial.

Trial courts are afforded a wide range of discretion within which to admit or exclude evidence. *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd). As a reviewing court, we will not reverse a trial court's decision to admit or exclude evidence absent a showing that the lower court abused that discretion. If the trial court's decision falls within the zone of reasonable disagreement, that decision will not be disturbed. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

The Texas Rules of Evidence favor the admission of all relevant evidence at trial. TEX. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. However, even relevant evidence may be excluded if the probative value of that otherwise relevant evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "'[U]nfair prejudice' refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

9

an emotional one." *Erazo v. State*, 144 S.W.3d 487, 501–02 (Tex. Crim. App. 2004) (quoting

*Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999)); *accord Cohn v. State*, 849 S.W.2d

817, 820 (Tex. Crim. App. 1993).

The Texas Court of Criminal Appeals has offered the following explanation of the meaning

of Article 37.07 of the Texas Code of Criminal Procedure and its relevancy parameters with respect

to evidence admitted during a punishment trial:

> Article 37.07, § 3(a)(1) allows for admission of any evidence the trial court "deems *relevant* to sentencing." The Legislature has expressly provided that "relevant" punishment evidence includes, but is not limited to, both character evidence in the form of opinion testimony as well as extraneous-offense evidence. Because there are no discrete fact issues at the punishment phase of a non-capital trial, we have ruled that the definition of "relevant," as stated in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07. What is "relevant" to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." Importantly, we have held that when a defendant applies for community supervision (as the appellant did), the trial court may reasonably deem any character trait that pertains to the defendant's suitability for community supervision to be a relevant matter for the sentencer to consider.

*Sims v. State*, No. PD-1575-07, 2008 Tex. Crim. App. LEXIS 820, at *8–9 (Tex. Crim. App. July 2,

2008) (footnotes omitted).[4]

A person's history of violating the law is undoubtedly a relevant factor for a jury to consider

when assessing a sentence because it relates to the defendant's character. *Fowler v. State*, 126

---

[4]McClure had filed an application for community supervision in this case.

S.W.3d 307, 310 (Tex. App.—Beaumont 2004, no pet.). Juries should also be able to consider a person's criminal history. *Lujan v. State*, 626 S.W.2d 854, 864 (Tex. App.—San Antonio 1981, pet. ref'd). When, as was the case here, the accused has filed an application for community supervision in which he or she claims never to have been previously convicted of a felony offense, the issue of whether or not that person has ever previously engaged in felony-level conduct is certainly relevant. Does such evidence serve to prejudice the accused? Certainly. Anything that paints the defendant in a bad light is hurtful and prejudicial to his or her case. But is that prejudice "unfair" or does that prejudice substantially outweigh the evidence's probative value? Under our law, the answer to that question is clearly "No," with respect to extraneous offense evidence that the jury believes to have been proven beyond a reasonable doubt, because such evidence has such an empirically high probative value with regard to a jury's ability to assess a sentence appropriate for both the facts of that particular case and for that particular defendant.

### *Conclusion*

The trial court did not err by admitting testimony during McClure's punishment trial that McClure had confessed to committing extraneous offenses, even though such testimony was not accompanied by corroborating evidence. Article 37.07 of the Texas Code of Criminal Procedure requires no such corroboration. Additionally, the probative value of this extraneous offense evidence was not substantially outweighed by any unfair prejudice resulting from admission of this evidence. The trial court did not abuse its discretion by admitting this disputed evidence.

11

We overrule McClure's points of error and affirm the trial court's judgment.


                                         Jack Carter
                                         Justice


Date Submitted:     September 12, 2008
Date Decided:       October 3, 2008

Publish