Affirmed and Memorandum Opinion filed September 23, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00696-CR



 

Alfred Marbles, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1148166



 

MEMORANDUM  OPINION

 

Alfred Marbles appeals his conviction
following a jury trial on the offense of possession of a firearm by a felon.  See
Tex. Penal Code § 46.04 (Vernon Supp. 2009).  The jury assessed an enhanced
punishment of 25 years’ confinement based on appellant’s two prior consecutive
felony convictions.  See Tex. Penal Code § 12.42(d) (Vernon Supp. 2009). 
We affirm.

BACKGROUND

During the Houston Police
Department’s investigation of an unrelated capital murder, Investigator
Jennifer Coffelt interviewed Camesha Shaw.  Investigator Coffelt learned from Shaw
that she had pawned a firearm for appellant, who was another potential witness
in the murder case.  Shaw explained that she had done so on several occasions
because appellant could not pawn guns himself.  She claimed not to know
precisely why he could not do so, although she knew it had something to do with
his criminal history.  Investigator Coffelt and Sergeant Eli Cisneros wished to
interview appellant as a potential witness in the murder case, but not as a
suspect.  The officers visited his home and left a business card.  Appellant
contacted the officers shortly thereafter and agreed to accompany them to the
police station to discuss the capital murder investigation.  The officers
explained to appellant that he was not under arrest, and he was not handcuffed
at any time.

Investigator Coffelt and Sergeant
Cisneros conducted a videotaped interview with appellant at the police station. 
He and the officers discussed at length his whereabouts on the date of the
murder and his recollection of who was present when the murder occurred. 
During the course of the interview, appellant stated that he had directed Shaw
to pawn his .9-mm Ruger pistol several days after the murder.  He stated that
he had possessed the firearm outside of his home when he carried it to meet Shaw
at the pawn shop.  Appellant indicated that Shaw pawned the firearm for him
because his prior criminal convictions for “robbery and other incidents”
prevented him from doing so himself.  The officers concluded the interview,
verified appellant’s prior felony convictions, and arrested him for unlawful
possession of a firearm.  See Tex. Penal Code § 46.04.  Appellant was
indicted.  Appellant moved to suppress his confession, but the trial court
denied his motion.

The jury found appellant guilty, and
he stipulated that he had two prior felony convictions. The jury assessed his
punishment at 25 years’ confinement according to enhanced sentencing guidelines. 
See Tex. Penal Code § 12.42(d).  

Appellant raises two issues on appeal:
(1) the trial court should have excluded his confession because it was given
while in custody without the benefit of warnings mandated by Miranda v.
Arizona, 384 U.S. 436, 444 (1966); and (2) the confession was
uncorroborated and thus insufficient to sustain his conviction.  

ANALYSIS

I.                  
 Custodial
Interrogation

We review the trial court’s ruling on
a motion to suppress for abuse of discretion.  See State v. Callaghan, 222
S.W.3d 610, 612 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d) (citing Long
v. State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991)).  If supported by the
record, a trial court’s ruling on a motion to suppress will not be overturned. 
Id.  At a suppression hearing, the trial court is the sole finder of
fact and is free to believe or disbelieve any or all of the evidence
presented.  Id.  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and demeanor.  Id. 
However, we review de novo the trial court’s application of the law to
the facts, such as determinations of probable cause.  See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (citing Ornelas v. U.S., 517
U.S. 690, 697 (1996)).

The trial court heard the testimony
of Investigator Coffelt and Sergeant Cisneros regarding appellant’s motion to
suppress, and it issued findings of fact and conclusions of law following its
denial of the motion.  The trial court found that the officers, whose testimony
the court found to be credible, did not have probable cause to arrest the
defendant for any crime before the appellant made incriminating statements
during the interview.  The court also found that the appellant’s statement was
entirely voluntary, and it identified no circumstances that would support
appellant’s argument that the interview was custodial. 

A person is in custody only if a
reasonable person under the same circumstances would believe that his freedom
of movement was restrained to the degree associated with a formal arrest.  Dowthitt
v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing Stansbury
v. California, 511 U.S. 318, 322–326 (1994)). The reasonable person
standard presupposes an innocent person.  Id. (citing Florida v.
Bostick, 501 U.S. 429, 438 (1991)).  The subjective intent of law
enforcement officials to arrest is irrelevant unless that intent somehow is
communicated or otherwise manifested to the suspect.  Id. (citing
Stansbury, 511 U.S. at 321, and United States v. Mendenhall, 446
U.S. 544, 554 n.6 (1980)); see also Dancy v. State, 728 S.W.2d
772, 778 (Tex. Crim. App. 1987).

The Texas Court of Criminal Appeals
has identified at least four situations that may constitute custody: 

(1) the suspect is physically deprived of his freedom
of action in any significant way; 

(2) a law enforcement officer tells the suspect that
he cannot leave; 

(3) law enforcement officers create a situation that
would lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and 

(4) there is probable cause to arrest manifested to the
suspect by law enforcement; other additional circumstances would lead a
reasonable person to believe he is under restraint; and the officers do not
tell the suspect that he is free to leave.

Dowthitt, 931 S.W.2d at 255.  Appellant
argues only that the fourth situation applies in this case.  

            Probable cause to arrest exists when
reasonably trustworthy facts and circumstances within the knowledge of law
enforcement would warrant a reasonable and prudent belief that a particular
person has committed a crime.  Jones v. State, 493 S.W.2d 933, 935 (Tex.
Crim. App. 1973).  According to appellant, the officers had probable cause to
arrest him when Shaw informed Investigator Coffelt that she pawned a firearm
for him because of appellant’s “criminal history.”  Thus, appellant argues, he was
in custody when the officers interviewed him, and his statement should be
inadmissible because it was acquired before he received Miranda warnings. 


Even assuming for argument’s sake
that Shaw’s information provided probable cause to arrest appellant before the
interview, probable cause makes an interrogation custodial only if it is
manifested to the defendant.  See Dowthitt, 931 S.W.2d at 255.  Appellant
does not argue that Investigator Coffelt or Sergeant Cisneros communicated to
him that he was being interviewed for any purpose other than as a voluntary
witness in a murder case.  Moreover, appellant identifies no evidence that
contradicts the trial court’s determination that his interrogation was
conducted under objectively voluntary circumstances.  The record supports the
trial court’s rejection of appellant’s argument that he was in custody when the
interview began.

            Appellant alternatively argues that
probable cause to arrest him arose during the interview when he revealed that
he had transported his firearm from his home to be pawned by Shaw.  He claims
that Miranda requires suppression of the very information that gave the officers
probable cause to arrest him during the interview.  However, when a suspect
gives officers probable cause to arrest, only the information given after that
point is excludable in the absence of Miranda warnings.  See, e.g.,
Turner v. State, 685 S.W.2d 38, 42–43 (Tex. Crim. App. 1985) (statements
made before interviewee offered information implicating himself in a crime did
not trigger Miranda).  Accordingly, the incriminating information was
not obtained in violation of Miranda, and the trial court properly denied
appellant’s motion to suppress on this ground.

We overrule appellant’s first point
of error.         

II.              
Corpus
Delicti

Appellant challenges the legal
sufficiency of the evidence in his second issue.  He contends that the State
failed to establish corpus delicti (i.e., that a crime had been
committed), and that his confession was insufficient to support his conviction. 


An extra-judicial confession alone is
insufficient to support a conviction.  Fisher v. State, 851 S.W.2d 298,
302–03 (Tex. Crim. App. 1993).  The confession must be corroborated by some
evidence that tends to establish corpus delicti on its own.  Id.;
Thomas v. State, 807 S.W.2d 803, 805–06 (Tex. App.—Houston [1st Dist.] 1991,
pet. ref’d).  Our task is to consider all the record evidence except appellant’s
extra-judicial confession in the light most favorable to the jury’s verdict,
and to determine if that evidence tends to establish that a crime was
committed.  Fisher, 851 S.W.2d at 303.  The evidence may be
circumstantial as well as direct, and it need not prove the underlying offense
conclusively.  Cardenas v. State, 30 S.W.3d 384, 390 (Tex. Crim. App. 2000);
Thomas, 807 S.W.2d at 806 (citing White v. State, 591 S.W.2d 851,
864 (Tex. Crim. App. 1979)).   Once the evidence tending to establish that a
crime was committed has been identified, a confession is sufficient to show a
defendant’s connection to the crime.  Fisher, 851 S.W.2d at 303–04.  

The jury was asked whether it found
beyond a reasonable doubt that on the date in question, appellant “did then and
there unlawfully, intentionally or knowingly possess a firearm at a location
other than the premises at which the defendant lived, after being convicted of
the felony offense of forgery.”  See Tex. Penal Code § 46.04(a)(2). 
Setting aside the information provided by appellant’s statement, we look to the
other evidence presented to the jury to determine whether it tends to show that
a crime was committed.  

As to appellant’s status as a felon,
the jury heard testimony from Deputy Roy Glover that the fingerprint associated
with a May 9, 2006 felony forgery conviction belongs to appellant.  The jury
also heard testimony from Sergeant Eli Cisneros about the information
discovered in the course of the capital murder investigation:

A: [T]hrough an interview with a Camesha Shaw, which
is one of the persons [Investigator Coffelt] had to interview, she discovered
that a pistol was pawned by this Camesha Shaw.  And it was pawned—during our
interview, it was discovered that she had pawned a pistol for an individual
that she referred to as Joe Marbles. . . .  [Shaw] had indicated that she
pawned the weapon at a [sic] Ace Pawnshop located on North Shepherd.

Q: Did you go to the Ace Pawnshop?

A: I did.

Q: So . . . it was actually you that retrieved the weapon
from the pawnshop?

A: Yes.

*                                  *                                  *

Q: And I just want to clarify . . . this weapon was
not at the Defendant’s home; is that correct?

A: No, it was not.

Viewed in the light most favorable to the jury’s
verdict, this evidence tends to establish that appellant, a convicted felon,
was in possession of a firearm before Shaw pawned it for him.  Additionally,
evidence that the firearm was not at appellant’s home tends to establish that the
firearm was possessed at a location other than the premises at which the
appellant lived.  Possession of a firearm at a location other than the premises
at which a felon lives constitutes a crime under section 42.04(a)(2).  See
Tex. Penal Code § 42.04(a)(2).  Because this amounts to at least “some
evidence” tending to indicate that a crime had been committed, the
extra-judicial confession of appellant was sufficiently corroborated and was
properly relied upon by the jury in determining appellant’s guilt. 
Accordingly, we overrule appellant’s second issue.

CONCLUSION

Having overruled both appellant’s issues
on appeal, we affirm.                                                                                 

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do Not Publish—Tex. R. App. P. 47.2(b).