# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00300-CR

Gini Lee Taylor, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 71987, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gini Lee Taylor was charged with committing aggravated robbery with a deadly weapon. *See* Tex. Penal Code §§ 29.02 (listing elements for robbery), .03 (containing elements for aggravated robbery); *see also id.* § 1.07(a)(17) (defining term "[d]eadly weapon"). Although there was no plea bargain in the case, Taylor entered a plea of guilty. Near the end of the plea hearing, the district court accepted Taylor's plea after questioning her about her desire to waive her various rights and about her mental competency. During that same hearing, the State asked the district court to take judicial notice of Taylor's written confession, which was attached to the plea papers. After taking judicial notice of the confession, the district court found the evidence sufficient to find Taylor guilty but withheld a finding of guilt until the sentencing hearing. The district court also ordered that a presentence investigation report be prepared.[1]

---

[1] Before the sentencing hearing, Taylor filed a motion to withdraw her plea, but the district court denied the motion. *See Saldana v. State*, 150 S.W.3d 486, 490 (Tex. App.—Austin 2004,

During the sentencing hearing, the victim in this case, Robert Patrick, testified regarding the evening in question. After Patrick finished testifying, the district court stated that it "finds that the evidence is sufficient to find [Taylor] guilty . . . of the offense of aggravated robbery with a deadly weapon." Further, the court sentenced Taylor to 35 years' imprisonment. *See id.* § 29.03(b) (stating that offense is first-degree felony); *see also id.* § 12.32(a) (explaining that permissible punishment range for first-degree felony is "life or for any term of not more than 99 years or less than 5 years"). Taylor appeals her conviction, and we will affirm the district court's judgment of conviction.

## DISCUSSION

On appeal, Taylor presents two alternative challenges to her conviction. In her first issue, she argues that the district court erred by accepting her "guilty plea because the evidence offered by the State in support of the plea was insufficient to comply with article 1.15 of the Code of Criminal Procedure." *See* Tex. Code Crim. Proc. art. 1.15. Specifically, she alleges that her plea papers were not competent evidence because they were not sworn. Similarly, she asserts that her oral pronouncements to the district court were not competent evidence because she was not under oath when she entered her plea and because she never affirmed that the allegations contained in the indictment were true. In her second issue, she argues that in the event that Patrick's testimony

---

no pet.) (explaining that "defendant may withdraw his guilty plea as a matter of right without assigning any reason until the judgment has been pronounced or the case has been taken under advisement," that trial court has discretion to allow defendant to withdraw his plea after court takes case under advisement or pronounces its judgment, and that court takes case under advisement if it orders preparation of presentence investigation report after it has admonished defendant, received guilty plea, and received evidence). Taylor does not challenge that ruling in her appeal.

may be considered when determining if the evidence was sufficient to support her plea, that evidence did not demonstrate that a robbery occurred. Because we believe that Patrick's testimony sufficiently supported Taylor's plea, we need not reach Taylor's first issue.

Article 1.15 of the Code of Criminal Procedure imposes a procedural safeguard before a trial court may render a conviction based on a guilty plea. *Id.*; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Specifically, even when a defendant enters a plea of guilty, a court may not "render a conviction in a felony case" unless evidence was presented supporting the defendant's guilt. *Menefee*, 287 S.W.3d at 13. "The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged." *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Menefee*, 287 S.W.3d at 13-14 (discussing types of evidence that may be considered). "A deficiency in one form of proof may be compensated for by other competent evidence in the record," and "[e]vidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea." *Jones*, 373 S.W.3d at 793; *see Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (rejecting argument that evidence of guilt must be presented during "guilt/innocence phase" and providing that "article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase"); *Brooks v. State*, Nos. 03-13-00251—00254-CR, 2014 Tex. App. LEXIS 6588, at *11-12 (Tex. App.—Austin June 19, 2014, no pet.) (mem. op., not designated for publication) (noting that courts may consider evidence introduced during punishment phase to see if plea is supported); *see also Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) (explaining that after defendant enters guilty plea, proceeding "becomes a 'unitary trial' to determine

the remaining issue of punishment" (quoting *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g))).[2]

As mentioned above, Taylor was charged with aggravated robbery. Specifically, the indictment alleged that during the "course of committing theft of property and with intent to obtain or maintain control of said property," Taylor "intentionally, knowingly, or recklessly cause[d] bodily injury to Robert Patrick by shooting Robert Patrick with a firearm, and the defendant did then and there use or exhibit a deadly weapon, to wit: a firearm." Under the Penal Code, an individual commits robbery if, "in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a). In addition, the Code states that "'[i]n the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1). Further, the Code explains that a robbery constitutes aggravated robbery if the individual caused "serious bodily injury to another" or used or exhibited "a deadly weapon," *id.* § 29.03(a)(1)-(2), and also provides that firearms are deadly weapons, *id.* § 1.07(a)(17).

---

[2] In her brief, Taylor contends that the court of criminal appeals has determined that courts may not consider evidence presented during the punishment phase when determining if a plea is properly supported. When making this statement, Taylor cites *Menefee v. State*, 287 S.W.3d 9, 14 & n. 20 (Tex. Crim. App. 2009), and *Stringer v. State*, 241 S.W.3d 52, 58 (Tex. Crim. App. 2007). However, we do not read those cases as standing for the proposition urged by Taylor. *See Menefee*, 287 S.W.3d at 18-19 (remanding case to appeals court to consider, among other issues, whether "evidenced adduced at the subsequent sentencing hearing also independently served to provide evidentiary support for the appellant's guilty plea"); *Stringer*, 241 S.W.3d at 58-60 (determining that waiver of right to confront witnesses made at time defendant pleaded guilty did not apply to punishment phase).

During the punishment hearing, Patrick testified regarding the alleged incident. Specifically, he stated that he went to a strip club, that he started talking to Taylor at the club, and that Taylor asked for a ride home after the club closed. Moreover, he explained that while he was talking to Taylor in the parking lot, he noticed a gray car parked nearby. In addition, he related that he saw Taylor throw something into the gray car, which he thought was strange. In his testimony, Patrick also explained that when they got to Taylor's apartment, the door to her apartment was slightly open, and he noticed the same gray car that he had seen earlier. Further, Patrick recalled that Taylor asked him to come inside the apartment and that once he was inside, she asked him for "$200 for sex." Next, he stated that he told Taylor that he did not have any money and that she asked him to come into her bedroom anyway because she had something to show him.

When describing what happened when he entered the bedroom, Patrick related that there was a man in the bedroom with a gun; that the man struck him in the head; that the man ordered him to empty his pockets; that the man became angry when he only had $60 and asked if there was more money in the car; that the man said, "let's go to your car"; that the man fired the gun when he stepped out of the room; that the bullet missed him; that he charged the man to retrieve the gun; and that Taylor struck him with something during the struggle. In addition, Patrick stated that the blow dazed him, which allowed Taylor to retrieve the gun. Moreover, Patrick testified that Taylor put the gun to his head, that the man left the apartment to get another weapon, and that when Taylor briefly looked down at her cell phone while pointing the gun at him, he ran to the bedroom. Further, he stated that when he was running to the bedroom, "the weapon went off." Next, he related that he locked the bedroom door, broke out the bedroom window, and got as far away from the apartment as his injuries allowed.

5

When describing the injuries that he sustained that night, Patrick recalled that he "wound up getting . . . three staples" to the wound caused when the man hit him in the head. In addition, he related that the shot fired by Taylor hit his "left hip and shatter[ed] it, the femur bone where the ball and the socket come together. So I underwent major reconstructive surgery. And, of course, unfortunately I'm going to have to go through another surgery and have this whole hip replaced." Finally, Patrick revealed that his leg was injured when escaping through the broken window and that the cut caused nerve damage to his right leg.

During his testimony, Patrick explained that although he was able to get away, Taylor and the man left with his cell phone, his wallet, and the $60 that he had previously emptied from his pocket.

In her brief, Taylor contends that the testimony summarized above is insufficient to support her plea to the crime alleged because it fails to establish a nexus between the violent conduct and a theft. *See Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (explaining that defendant cannot be found guilty of aggravated robbery if evidence did not prove element "in course of committing theft" because theft and assault would be separate events); *Thomas v. State*, 807 S.W.2d 803, 807 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (reversing conviction when evidence showed that defendant committed murder but was "not sufficient to establish corpus delicti of aggravated robbery"). When making this argument, Taylor notes that robbery is not a continuing offense, meaning that the offense is complete once every element has been satisfied. *See, e.g.*, *Barnes v. State*, 824 S.W.2d 560, 562-63 (Tex. Crim. App. 1991) (explaining that once elements of crime have occurred, crime is complete and that theft is complete for statute-of-limitations purposes

6

once property was unlawfully possessed), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998). Moreover, Taylor argues that the violent conduct alleged by the State was Taylor's shooting of Patrick, but she insists that the shooting is not connected to the theft because it occurred after the theft of Patrick's wallet and phone had been completed. In addition, Taylor argues that the shooting did not occur when she was trying to flee the scene; on the contrary, she contends that the evidence shows that the shooting occurred when Patrick was trying to flee. For these reasons, Taylor urges that Patrick's testimony was insufficient to support her plea.

Although Taylor insists that the evidence shows that the theft was completed when the shooting occurred, we believe that the evidence would support a reasonable inference that the robbery was not complete at that time. According to Patrick's testimony, after he handed over his money, his wallet, and his phone, Taylor's accomplice asked if there was additional money in Patrick's car and indicated his intent to take Patrick to the car and to search for more money. Moreover, the physical altercation that resulted in Patrick being shot by Taylor occurred after Taylor's accomplice attempted to force Patrick to go to the car. In light of this testimony as well as the remainder of Patrick's testimony, including those portions describing the theft and the injuries that he sustained, we believe that every element of the offense charged was embraced by the evidence presented. Accordingly, we believe that the evidence was sufficient to support Taylor's plea.

For these reasons, we overrule Taylor's second issue.

## CONCLUSION

Having determined that Taylor's plea was supported by sufficient evidence, we affirm the district court's judgment of conviction.

7

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   October 14, 2014

Do Not Publish