**John Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51778.**

Court of Criminal Appeals of Texas.

Sept. 20, 1976.

Joel W. Cantrick, Austin (Court-appointed on appeal), for appellant.

Curtis L. Owen, Dist. Atty., and Frank McClendon, III, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. The jury assessed punishment at fifteen (15) years' confinement in the Texas Department of Corrections.[1]

■ By his first ground of error, appellant challenges the sufficiency of the evidence. More specifically, appellant contends that there is insufficient evidence to show that he was acting "in the course of committing theft." Furthermore, appellant contends that the evidence was insufficient to show an intent to obtain or maintain control of the property. For a conviction of aggravated robbery to be sustained, both elements must be proved. *Earl v. State,* 514 S.W.2d 273, 274 (Tex.Cr.App.1974).

We preface our summary of the evidence by noting that a charge on circumstantial evidence and an instruction on the law of principals was given.[2]

The record reflects that on December 1, 1974, appellant and three companions, all dressed alike, approached a Safeway store located in Tyler. Appellant and one companion, Michael DeWayne Hawkins, entered the store. Because of a prior telephone call alerting the Tyler Police, officers had been dispatched and were waiting at various locations around the store. One officer testified that he observed Hawkins holding a shotgun and standing in front of the manager's booth in the store. After commanding Hawkins to drop his gun, the officer chased Hawkins down an aisle to the back of the store. Hawkins was later arrested at the back of the store. While the pursuit and arrest of Hawkins were occurring, the appellant was observed by another officer in front of one of the store aisles. This officer testified that the appellant had a pistol in his hand and that customers near the appellant were getting underneath the counters. After this observation by the officer, he ran inside the store and shouted at the appellant to stop. Appellant then began to run down the aisle and when he turned and pointed his pistol at the officer, the officer shot and wounded him. Appellant was then arrested.

The manager of the store testified that while at the back of the store he was in fear of imminent bodily injury when Hawkins pointed the shotgun at him prior to Hawkins' arrest. The manager further testified that there was approximately $4,200 in the store.

Since there was no evidence of a demand, taking or attempted taking of money or other property by the appellant or Hawkins, the appellant contends that the evidence is insufficient to show that he acted in the course of committing theft or had the intent to obtain or maintain control over any property.

In *Long v. State,* 47 Tex.Cr.R. 296, 83 S.W. 384 (1904), the defendant approached two individuals, pointed his gun at them and said, "Halt! Throw up your hands!" This Court held that this was sufficient evidence to allow the jury to find that the defendant had the specific intent to rob.

In *Gerzin v. State,* 447 S.W.2d 925 (Tex.Cr.App.1969), *cert. denied,* 398 U.S. 912, 90 S.Ct. 1710, 26 L.Ed.2d 73 (1970), the defendant walked into a liquor store, pointed his shotgun at the attendant and stated, "I guess you know what this means." We held that there were sufficient facts and circumstances for the jury to conclude that the defendant had the intent to rob.

1. This is a companion case to *Hawkins v. State,* 535 S.W.2d 359 (Tex.Cr.App.1976).

2. Since this was a prosecution under the new Penal Code, the instruction should have been drafted in the terms of V.T.C.A., Penal Code, Secs. 7.01, 7.02, rather than under the old law of principals. However, this was not made the subject of an objection at trial or a ground of error on appeal. The error, if any, was waived.

In the instant case, the appellant was observed with a gun in his hand while customers around him were trying to get underneath the counters. His companion Hawkins pointed a gun at the manager in the back of the store, after apparently realizing the mission had been thwarted, and stated, "Where are the keys to this damn back door." While neither appellant nor his companion actually demanded the money from the manager, we conclude that there was sufficient evidence to allow the jury to find that they were acting with intent to obtain control of the property within the meaning of V.T.C.A., Penal Code, Sec. 29.-02(a). A verbal demand is not the talisman of an intent to steal. Such intent may also be inferred from actions or conduct. *Banks v. State*, 471 S.W.2d 811, 812 (Tex.Cr.App. 1971).

We are also of the opinion that appellant was acting in the course of committing theft. V.T.C.A., Penal Code, Sec. 29.01(1) defines this to mean "conduct that occurs in an attempt to commit, during the commission, or *in immediate flight after the attempt* or commission of theft." (Emphasis added). Appellant's companion Hawkins' action in pointing the gun at the manager and stating, "Where are the keys to this damn back door," along with the other evidence, was sufficient to allow the jury under the charge on circumstantial evidence and the instruction on the law of principals to find that appellant acted in the course of committing theft.

Appellant's first ground of error is overruled.

By his second ground of error, appellant complains of the trial court's failure to charge on the lesser included offense of criminal attempt.

As we have stated, the evidence was sufficient to allow the jury to find that appellant was acting in the course of committing theft and with intent to obtain or maintain control of the property. We further noted that the manager of the store testified that he was in fear of imminent bodily injury when appellant's companion Hawkins pointed the gun at him. At this point the offense of aggravated robbery was committed. The fact that the money was not actually taken does not necessitate a charge on attempted aggravated robbery. The offense of aggravated robbery does not require as an element thereof that the property sought actually be obtained. It is sufficient to show that the defendant acts in the course of committing theft as defined in V.T.C.A., Penal Code, Section 29.02(a). *Watts v. State*, 516 S.W.2d 414, 415 (Tex.Cr. App.1974). *Earl v. State, supra.*

Appellant's second ground of error is overruled.

Appellant's pro se brief has been carefully examined. The grounds of error there urged are without merit and overruled.

The judgment of the trial court is affirmed.