NO









NO. 12-05-00408-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DAVID
DANIEL,      §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Appellant
David Daniel appeals his conviction for aggravated robbery, for which he was
sentenced to life imprisonment and a $10,000 fine.  In his sole 
issue, Appellant contends that the evidence is legally and factually
insufficient to support his conviction. 
We affirm.

 

Background

            Appellant was charged by indictment
with aggravated robbery.  The indictment
included an enhancement paragraph alleging that Appellant had been previously
convicted of a felony.  Appellant pleaded
“not guilty.”  At trial, Carolyn Turner
testified that she was the manager at a jewelry store. At approximately 5:16
p.m. on June 30, 2005, she was emptying the display cases when Appellant
entered the store wearing a bandana.  She
testified that he walked in, ordered her to get on the floor, took out a knife,
and jumped over the counter.  Turner
stated that she got on the floor with her head down and that she did not know
whether he was going to kill or rape her. 
She testified that she believed Appellant had entered the store to rob her
and that when he jumped over the counter, he would have been able to open the
counter.  








            Donald McPherson, the jewelry store
owner, testified that he was sitting in his office behind a one way glass
mirror when he saw Appellant enter the store wearing a bandana.  He grabbed his pistol, chambered a round, and
entered the store to confront him.  When
McPherson entered the store, he saw Turner face down on the floor facing him.
He testified that Appellant was bent over Turner with a knife towards the back
of her neck.  Based on McPherson’s
observations, Appellant was “in the course of committing theft.”  According to McPherson, Appellant was wearing
a bandana, “bandit” style, around his face and latex gloves.  McPherson confronted Appellant and yelled at
him to get away from Turner.  In
response, Appellant began backing away, brandishing the knife and waving
it.  McPherson admitted fearing for his
and Turner’s safety.  Appellant “hopped”
the counter, turned around, and attempted to throw the knife.  McPherson shot Appellant, but Appellant ran
from the store.  McPherson followed him
and discovered him in an adjacent nail salon, sitting in a chair at a
technician’s station, as if he were waiting to be served. McPherson entered the
store, advised the occupants of the nail salon what had occurred, and held
Appellant until the police arrived. 
McPherson stated that Appellant was injured in the leg. 

            According to the police officers who
responded to the nail salon, Appellant was wearing a  bandana or handkerchief over his mouth,
sunglasses, a ball cap, rubber latex gloves, and a long sleeved shirt to conceal
a tattoo identifying his last name.  Upon
searching Appellant, the officers found a black garbage bag and a roll of tape
in his back pocket and a second knife in his sock. Officer Jason Burton, a
patrol officer and crime scene technician with the Tyler Police Department,
processed the crime scene at the jewelry store and stated that the knife
recovered at the jewelry store was approximately one foot long.  He also recovered Appellant’s clothing and
items on his person.  Burton stated that,
based on his training and experience, all of the evidence he collected was
consistent with someone who committed aggravated robbery.  Officer Karen Lynn Ward, a patrol officer
with the Tyler Police Department, found Appellant at the nail salon after
responding to a robbery call.  She stated
that, based on her training and experience, Appellant went to the jewelry store
to commit robbery based on his disguise together with the knife, tape, and
garbage bag found on his person.  Ward
also stated that the knife found at the jewelry store, if held to someone’s
throat, was capable of causing death or serious bodily injury.

            Officer Rodney Harrington, a bicycle
patrol officer with the Tyler Police Department, stated that, based on his
training and experience, the black garbage bag found on Appellant could have
been used to carry stolen items, including jewelry, and that the tape, or more
specifically, packaging tape, found on Appellant could have been used to bind
someone’s hands.  Harrington also stated
that, based on his training and experience, the knife recovered from Appellant’s
sock and the knife found in the jewelry store were deadly weapons. 

            At the conclusion of the trial, the
jury found Appellant guilty of aggravated robbery, found the allegations in the
enhancement paragraph to be “true,” and sentenced him to life imprisonment and
a $10,000 fine.  This appeal followed.

 

Sufficiency of the Evidence

            On appeal, Appellant contends
that the evidence is legally and factually insufficient to support his
conviction.  Specifically, Appellant
argues there is no evidence that he intended to commit theft or committed
theft.  The State disagrees.

Standard
of Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).  The sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would include one that “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.”  Id.

            In reviewing factual sufficiency, we
consider all the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, our evaluation should not substantially intrude upon the jury’s role
as the sole judge of the weight and credibility of witness testimony.  Id.; see Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  Where there is conflicting evidence, the jury’s
verdict on such matters is generally regarded as conclusive.  Van Zandt v. State, 932 S.W.2d
88, 96 (Tex. App.–El Paso 1996, pet. ref’d). 
Ultimately, we must ask whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside “only if
the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see Watson v.
State, No. PD-469-05, 2006 WL 2956272 , at *10 (Tex. Crim. App. Oct.
18, 2006); Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App.
2003). 

Applicable
Law

            A person commits the offense of
aggravated robbery, if the person, in the course of committing theft and, with
intent to obtain or maintain control of the property, uses or exhibits a deadly
weapon.  Tex. Pen. Code Ann. §§
29.02(a), 29.03(a)(2) (Vernon 2003). 
The phrase “in the course of committing theft” is defined as “conduct
that occurs in an attempt to commit, during the commission, or in immediate
flight after the attempt or commission of theft.”  Id. § 29.01(1).  The definition of deadly weapon includes “a
firearm or anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury” or “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.” Tex. Pen. Code Ann. § 1.07(a)(17)
(Vernon Supp. 2006).  A knife is not a
deadly weapon per se.  Id. § 1.07(a)(17);
Thomas v. State, 821 S.W.2d 616, 619-20 (Tex. Crim. App.
1991).  To determine whether a knife is a
deadly weapon, the jury may consider all the surrounding facts, including the
size and shape of the knife, the manner of its use or intended use, the
capacity of the knife to produce death or serious bodily injury, the
proximity  of the parties, the defendant’s
threats, and whether the victim feared death or serious bodily injury.  Thomas, 821 S.W.2d at 619-20; Brown
v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); Townsend v.
State, No. 12-05-00090-CR, 2006 WL 2106990, at *4 (Tex. App.–Tyler July
31, 2006, pet. struck) (mem. op., not designated for publication).

Analysis

            Appellant argues, in effect, that
because he did not make any overt act to take possession of the jewelry store’s
wares and did not tell Turner that he was there to rob her, the jury could not,
as he expressed it, “‘fill in the blanks’ when the State’s evidence is lacking.”  Appellant’s argument, however, is not
consistent with case law.  The court of
criminal appeals has determined that the State’s failure to prove that any
property was taken does not render the evidence insufficient to prove a murder
was committed while the actor was in the course of committing and attempting to
commit the offense of robbery.  See
Autry v. State, 626 S.W.2d 758, 762–63 (Tex. Crim. App.
1982).  Similarly, where men entered a
store with guns and the store manager testified he was in fear of imminent
bodily injury, the court stated that although neither the appellant nor his
companion actually demanded the money from the manager, there was sufficient
evidence to allow the jury to find that they were acting with intent to obtain
control of the property within the meaning of the applicable statute.  Johnson v. State, 541 S.W.2d
185, 186-87 (Tex. Crim. App. 1976). 
Specifically, the court said that “a verbal demand is not the talisman
of an intent to steal.  Such intent may
also be inferred from actions or conduct.” 
Id. at 187.  The Johnson
court further noted that the fact that the money was not actually taken did not
necessitate a charge on attempted aggravated robbery.  Id.  The offense of aggravated robbery does not
require as an element that the property sought actually be obtained.  Id.  It is sufficient to show that the defendant
acts in the course of committing theft as defined by statute.  Id.








            In this case, the jury heard the
evidence and found Appellant guilty of aggravated robbery as charged in the
indictment.  In reviewing the legal
sufficiency of the evidence, we look at the evidence in the light most favorable
to the jury’s verdict.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789;  Johnson,
871 S.W.2d at 186.  The evidence
established that Appellant entered the store wearing a bandana over his mouth,
sunglasses, a ball cap, rubber latex gloves, and a long sleeved shirt to
conceal his identity.  Appellant ordered
Turner to get on the floor.  He had two
knives, one of which was concealed in his sock and one of which he held towards
the back of Turner’s neck.  Appellant
jumped over the counter, which allowed him access to the jewelry store’s
wares.  Turner testified that she was
scared for her life and safety and that she believed Appellant entered the
jewelry store to rob her.  McPherson
stated that Appellant threatened him with a knife and attempted to throw it at
him when he tried to stop the robbery. 
He testified that he feared for his and Turner’s safety. 

            Burton testified that the evidence
he collected from Appellant was consistent with someone who committed
aggravated robbery.  Appellant had a
black garbage bag in his possession that Harrington stated could have been used
to carry stolen items.  Harrington also
testified that the roll of packaging tape in Appellant’s possession could have
been used to bind someone’s hands.  Ward
testified that Appellant’s disguise and items in his possession led her to
believe that Appellant intended to commit robbery.  Burton testified that the knife used to
threaten Turner and McPherson was approximately one foot long.  Ward testified that the knife found at the
jewelry store, if held to someone’s throat, was capable of causing death or
serious bodily injury and Harrington believed that the knife was a deadly
weapon.  Therefore, viewing the evidence
in the light most favorable to the jury’s verdict, we conclude that a rational
trier of fact could have found sufficient evidence that Appellant was in the
course of committing the offense of aggravated robbery and, thus, could have
found the elements of aggravated robbery beyond a reasonable doubt.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  Accordingly, we conclude that the evidence
was legally sufficient to support Appellant’s conviction.

            In reviewing the factual sufficiency
of the evidence, we look at the evidence both in support of, and contrary to,
the jury’s verdict.  See Johnson,
23 S.W.3d at 11.  Based upon our review
of the record, however, the only contrary evidence Appellant could muster was
that there was no evidence that he attempted to physically take possession of
any of the jewelry store’s merchandise before McPherson confronted him or any
evidence that he told Turner he was there to rob the jewelry store. As noted
above, a statement of an intent to rob or actual seizure or taking possession
of the jewelry store’s merchandise are not prerequisites for the offense of
robbery.  See Autry,
626 S.W.2d at 762; Johnson, 541 S.W.2d at 186-87.  The jury was permitted to infer Appellant’s
intent to steal from his actions.  See
Johnson, 541 S.W.2d at 186-87. 
Consequently, in making our determination of the evidence, both for and
against the jury’s verdict, we cannot say that the evidence supporting the
verdict is so obviously weak, or the contrary evidence so overwhelming, as to
render to the conviction clearly wrong and manifestly unjust.  See Ortiz, 93 S.W.3d at
87; Watson, 2006 WL 2956272, at *10; Sims, 99
S.W.3d at 601.  Therefore, we conclude
that the evidence was factually sufficient to support Appellant’s
conviction.  Accordingly, Appellant’s
sole issue is overruled.

 

Disposition

            The judgment of the trial court is affirmed.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion delivered November 15,
2006.

Panel
consisted of Worthen, C.J., Griffith, J and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)