Opinion issued November 6, 2008









Opinion issued
November 6, 2008

 

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00963-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EDGAR RUIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1091698

 








 

 

 

 



MEMORANDUM OPINION

Appellant Edgar
Ruiz pleaded not guilty to the charge of aggravated robbery.  A jury found Ruiz
guilty, and the trial court sentenced him to thirty-five years confinement.  In
one issue, Ruiz challenges the legal sufficiency of the evidence to support his
conviction.  We affirm.

Background

          On the night of November 6, 2006, Clarence
Bertrand, while driving to Prairie View A&M University to meet a friend,
stopped to use the restroom at a Chevron station located at the intersection of
F.M. 1960 and Stuebner Airline.  Bertrand found the bathroom door of the gas
station locked, so he stepped into a corner of the car wash to relieve himself. 
As he walked back toward his car, Ruiz ran toward Bertrand, pointing a gun. 
Bertrand put his hands in the air and asked, “Is this for real?”  Ruiz responded
“Yeah, this is for real.”  Ruiz then circled around Bertrand’s car to the back
door and tried to open it, but the door was jammed.  Ruiz screamed at Bertrand
to open the door, and started to hit the back glass window of the car with the
butt of his gun.  Bertrand offered Ruiz the car, but Ruiz refused to take it
and instead said: “No bitch, you’re going to drive me.”

          Bertrand got into the car
and acted like he was going to unlock the door for Ruiz, but instead “mashed
the gas,” slammed the door, and accelerated the car out of the parking lot.  As
Bertrand drove away, he heard gunshots behind him.  He eventually stopped at a
fast food parking lot, and, upon discovering that he had a flat tire, called
his family.  Bertrand’s sister arrived and picked him up, and he called the
police upon arriving at her house. 

          At the time of the
incident, Deputy J. George was on duty nearby.  He heard gunshots, got into his
patrol car, and drove to the back of the gas station.  Deputy George observed a
male wearing a white shirt and white hat, and holding a handgun, get into a
Chevrolet Avalanche at a nearby intersection.  Deputy George followed the
vehicle and turned on his lights and sirens in an attempt to stop it.  When the
driver did not pull over, Deputy George pursued him.  Approximately eight other
police cars joined in the chase.  The vehicle eventually exited Interstate 59
and stopped at 3000 Staples Street.  Ruiz then exited the vehicle, and tried to
run away, but Deputy Jones apprehended Ruiz after he ran forward approximately
60–70 feet.

While the officers were controlling
the scene, they received a call about an attempted robbery at the same Chevron
station, where Deputy George had first heard the gunshots.  The officers took
Ruiz and Johnny Castillo, another person the police apprehended, to the Chevron
station, where they asked witnesses if they could identify Ruiz or Castillo.  Bertrand
identified Ruiz as the person who had pointed the gun in his face earlier that
night.

At trial, Ruiz testified that he was
at his brother’s house on the night of the incident and decided to give his
brother’s friend Jose a ride home.  Ruiz stated that he dropped off Jose at the
Chevron station.  As Ruiz then drove back toward Interstate 45, he stopped at a
red light directly in front of the gasoline station.  After hearing multiple
gunshots, Ruiz saw a police officer to his left and a person running in front
of the police officer.  A moment later, Ruiz saw Jose in the back passenger
seat of his vehicle with a gun in his hand.  Ruiz also saw that Castillo was in
the front passenger side of his vehicle.  Ruiz testified that due to his fear
of Jose, Ruiz panicked and followed Jose’s request to drive.  He continued to
drive while the police were in pursuit of his vehicle and eventually stopped
the car where Jose told him to stop.    

Legal Sufficiency

Standard of Review

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175
S.W.3d 795, 798 (Tex. Crim. App. 2005).  The standard is the same for both
direct and circumstantial evidence cases.  King v. State, 895 S.W.2d
701, 703 (Tex. Crim. App. 1995).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App.
1991).  

Aggravated Robbery

A person commits the offense of
robbery if, in the course of committing theft as defined in Chapter 31 and with
intent to obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.  Tex. Penal Code Ann. § 29.02(a)(2)
(Vernon 2003).  The Texas Penal Code defines “in the course of committing
theft” as conduct that occurs in the attempt to commit theft, during the
commission of theft, or in the immediate flight after attempt or commission of
theft.  Tex. Penal Code. Ann. §
29.01(1) (Vernon 2003).  A person commits theft if he unlawfully appropriates
property with intent to deprive the owner of property.  Id. § 31.03(a). 
A robbery is aggravated when a person commits robbery as defined in section
29.02, and he uses or exhibits a deadly weapon.  Id. § 29.03(a)(2).  

          Ruiz contends that the
evidence is legally insufficient to prove that he was in the course of
committing theft of property and that he had the intent to deprive Bertrand of
his property.  He focuses on Bertrand’s testimony that Ruiz did not demand that
Bertrand give the car to him, but that he instead tried to force Bertrand, at
gunpoint, to drive him.  Ruiz claims that he never withheld or attempted to
permanently withhold property from Bertrand. 

The evidence, however, does not
support that conclusion.  Although Ruiz did not accept Bertrand’s offer of the
car, he attempted to exercise control over it, to the exclusion of Bertrand’s
possession, by demanding that Bertrand get in the car with him and drive it
according to his demands.  Robbery does not require a completed theft; an
attempt is sufficient.  Robinson v. State, 596 S.W.2d 130, 134 (Tex. Crim. App. 1980). 
Likewise, robbery does not require a specific demand for a piece of property; an
intent to steal can be inferred from a person’s actions or conduct.  Banks v. State, 471
S.W.2d 811, 812 (Tex. Crim. App. 1971); Chastain v. State, 667 S.W.2d
791, 795 (Tex. App.—Houston [14th Dist.] 1983, pet. ref’d) (holding that
defendant pointing gun at service station attendant and attendant insisting
that he did not have key to cash register were sufficient to prove charge of
robbery even though no one heard defendant demand money); see also Autry v.
State, 626 S.W.2d 758, 762–63 (Tex. Crim. App. 1982) (holding that
defendant’s statement that he had entered store to rob it, even though he did
not actually demand money before shooting victim nor take any money upon
leaving store, was sufficient to establish that he was guilty of murder during
attempted robbery); Johnson v. State, 541 S.W.2d 185, 186–87 (Tex. Crim. App. 1976) (holding that
defendant’s possession of gun in supermarket and his companion pointing gun at
store manager were enough to support his conviction of aggravated robbery even
though there was no evidence of demand for or taking of money).  “A
verbal demand is not the talisman of an intent to steal.”  Johnson, 541
S.W.2d at 187.  We hold that a rational juror could have inferred beyond a
reasonable doubt from the evidence that Ruiz was attempting to deprive Bertrand
of his property.  The evidence is therefore legally sufficient for a jury to
have found Ruiz guilty of aggravated robbery.  See id. (stating that the
cumulative weight of the evidence and circumstances together can be enough
establish guilt). 

Conclusion

          We hold that the evidence
is legally sufficient to support the conviction and therefore affirm the
judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.4.