# NO. 12-23-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY KHAI THRASHER,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gregory Khai Thrasher appeals his conviction for aggravated robbery.  In two issues, Appellant argues that the evidence is insufficient to support the trial court's judgment and the trial court improperly assessed costs against him.  We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery.  The indictment further alleged that Appellant used a deadly weapon (a firearm) during the commission or immediate flight from the offense and had two, prior, felony convictions.  Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

After the presentation of evidence at trial and argument of counsel, the jury found Appellant "guilty" as charged.  The matter proceeded to a trial on punishment, at which Appellant pleaded "true" to the two enhancement allegations.  At the conclusion of the punishment proceedings, the jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for seventy-five years.  The trial court sentenced Appellant accordingly, and this appeal followed.

In his first issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment. Specifically, he argues that there is insufficient evidence that he intended to commit a theft or, in fact, committed a theft. He further argues that there is insufficient evidence that he used or intended to use a firearm.

**Standard of Review and Governing Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To satisfy its burden of proof that Appellant committed the offense of aggravated robbery as charged in the indictment, the State was required to prove beyond a reasonable doubt that Appellant, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threatened or placed Bennie Brown in fear of imminent bodily injury or death and, in so doing, used a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2) (West 2019). As set forth above, Appellant limits his argument on appeal to the sufficiency of the evidence to support a finding that he intended to commit a theft or, in fact, committed a theft and that he used or intended to use a firearm.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1) (West 2019). The offense of aggravated robbery does not require that the property sought actually be obtained; it is sufficient to show that the defendant acts in the course of committing theft as defined in the penal code. *See Johnson v. State*, 541 S.W.2d 185, 187 (Tex. Crim. App. 1976); *see also Robinson v. State*, 596 S.W.2d 130, 134 (Tex. Crim. App. 1980) ("[N]o completed theft is required in order for the proscribed conduct to constitute the offense of robbery"). Indeed, a "verbal demand is not the talisman of an intent to steal[;]" such intent also may be inferred from actions or conduct. *Johnson*, 541 S.W.2d at 187.

**Discussion**

In the instant case, the victim, Brown, testified that on the night of January 31, 2016, his car broke down on highway 110 in a parking lot of a church in Tyler, Texas. According to

Brown, Appellant circled the parking lot in his vehicle, noticed Brown, and offered him a ride home, which he accepted. Brown identified Appellant in open court as the man he encountered that night. Brown stated that after they arrived at his home, Appellant asked him about his wallet or money. Brown, while exiting the vehicle, replied that he did not have any money. But Appellant told him to look back into the car and asked him, "Do you see this right here?" As Appellant posed this question, he pulled back a towel on the seat next to him and revealed a submachine gun pointed at Brown. Brown testified that Appellant then said, "Well, he wants your money." Brown again denied having any money and walked away. He called the police soon thereafter. Brown stated that he feared Appellant was going to kill him that night. Appellant was arrested in Mesquite several days later. At that time, police located the gun, which Brown later identified at trial, in a backpack along with ammunition.

Here, Brown's testimony that Appellant told him "he," i.e., the submachine gun on the seat next to him pointed at Brown, "wants your money" sufficiently reflects a threatening demand by Appellant for whatever money Brown may have had on his person. *See **Lydia v. State***, 486 S.W.2d 791, 793 (Tex. Crim. App. 1972) (sufficient evidence of specific intent to rob where perpetrators said, "give us your money" to victim); *see also **Johnson***, 541 S.W.2d at 187 (sufficient evidence of intent absent express demand for money after robbery thwarted where one perpetrator pointed gun at manager and said, "Where are the keys to this damn back door"). While Appellant's ex-wife offered testimony suggesting that Appellant, who believed Brown stole his wallet, simply was trying to retrieve his property from Brown, we remain mindful that the jury was free to believe all or any part of her testimony or disbelieve all or any part of that testimony. *See **Lee***, 176 S.W.3d at 458.

Turning our analysis to the evidence underlying the jury's deadly-weapon finding, we first note that the court of criminal appeals has stated that "used . . . a deadly weapon" during the commission of the offense means that "the deadly weapon was employed or utilized in order to achieve its purpose. ***Patterson v. State***, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989); *see also **McCain v. State***, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000) (person uses or exhibits deadly weapon under aggravated robbery statute if he employs weapon in any manner that facilitates associated felony). On the other hand, "exhibited a deadly weapon" means that "the weapon was consciously shown or displayed during the commission of the offense." ***Patterson***, 769 S.W.2d at 941. Using a deadly weapon during the commission of a felony offense refers to the wielding

4

of a firearm with effect, but it also extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. *See id.* However, to "exhibit" a deadly weapon, it need only be consciously displayed during the commission of the felony offense. *See id.* "A gun is a deadly weapon per se." *State v. Lewis*, 151 S.W.3d 213, 221 (Tex. App.–Tyler 2004, pet. ref'd); *see* TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2023) ("Deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury").

In *McCain*, the victim was "exposed" to a butcher knife, which partially was sticking out of the appellant's pocket. *See* 22 S.W.3d at 499. The evidence demonstrated that the appellant never touched, brandished, referred to, or overtly displayed the knife. *See id.* The court concluded that from evidence of such exposure, the factfinder rationally could conclude that the knife was "exhibited" during the criminal transaction or, at least, "used" by the appellant to instill apprehension in the complainant, thereby reducing likelihood of resistance. *Id.* at 503. Here, the record reflects that Brown was not merely "exposed" to the submachine gun at issue. Instead, when Brown rebuffed Appellant's initial request for money, Appellant revealed the submachine gun on the seat next to him, which was pointed toward Brown, and told Brown that *he*, the gun, wanted Brown's money. The facts here go well-beyond mere exposure to or exhibition of a deadly weapon. Based on the evidence, a factfinder reasonably could conclude that Appellant's revelation of the submachine gun from underneath the towel in conjunction with his use of cryptic words to personify the deadly weapon while repeating his demand for money was done specifically to employ the firearm in a manner to intimidate Brown and cause him to fear for his life to facilitate the robbery. *Cf. id*. Thus, we conclude that there is sufficient evidence that Appellant used a deadly weapon during the commission of the robbery.

In sum, we have considered the aforementioned evidence and the record as a whole in the light most favorable to the jury's verdict. Having done so, we conclude that the jury reasonably could determine beyond a reasonable doubt that Appellant, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threatened or placed Brown in fear of imminent bodily injury or death and, in so doing, used a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2). Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's first issue is overruled.

In his second issue, Appellant argues that because the statute authorizing collection of a Local Consolidated Fee on Conviction of Felony applies only to convictions for offenses committed on or after January 1, 2020, the trial court erred by assessing certain fees that are constituent parts of the Local Consolidated Fee on Conviction of Felony.

The date of Appellant's offense is January 31, 2016. The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. *See* TEX. LOC. GOV'T CODE ANN. § 134.101 (West Supp. 2023). Section 134.101 sets forth particular funds and accounts to which a percentage of the $105 Local Consolidated Fee on Conviction of Felony is to be allocated, which include the following: (1) clerk of the court account; (2) county records management and preservation fund; (3) county jury fund; (4) courthouse security fund; (5) county and district court technology fund; and (6) the county specialty court account. *Id.* § 134.101(b).

Here, the bill of costs indicates that Appellant was charged the following fees, which could be included under the Local Consolidated Fee: $40 clerk of the court fee; $4 county and district court technology fund; $5 courthouse security fund; and $25 records management and records management and preservation fees. *See id.* Because Appellant's offense date was before January 1, 2020, we conclude that the trial court could not assess these fees under Section 134.101.

However, as the State points out, Texas Code of Criminal Procedure, Article 102.017(a), which was in effect on the date of Appellant's offense, i.e., prior to the enactment of Section 134.101, provided for a fee of $5 for the courthouse security fund. *See* Act of April 11, 1997, 75th Leg., R.S., ch. 12 § 1, 1997 Tex. Gen. Laws 51, 51 (amended 2019) (current version at TEX. CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2023)). Similarly, Texas Code of Criminal Procedure, Article 102.005(a), which was in effect on the date of Appellant's offense, provided for a fee of $40 for the clerk of the court. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 764, § 1, 1995 Tex. Gen. Laws 3969. Furthermore, Texas Code of Criminal Procedure, Article 102.0169 provided for payment of a $4 fee for the county and district court technology fund. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1183, § 1, 2009 Tex. Gen. Laws 3753, 3753. Lastly, Texas Code of Criminal Procedure, Article 105.005 provided for payment of a $25 fee for Records

Management and Records Management and Preservation. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1360, § 5, 2005 Tex. Gen. Laws 4255, 4256.

The assessed costs and fees about which Appellant complains previously were authorized by statutes in effect at all times relevant to the underlying cause. Therefore, we hold that the fees about which Appellant complains were not improperly assessed. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered January 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 24, 2024**

**NO. 12-23-00049-CR**

**GREGORY KHAI THRASHER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0469-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*