

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00061-CR

_____


CHARLES BENNETT BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23983



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Charles Bennett Brown pled guilty to delivery of cocaine in an amount of less than one gram within a drug free zone and was found guilty and sentenced to eight years' imprisonment.[1] On appeal, Brown argues that insufficient evidence supports the finding that the offense was committed in a drug free zone as alleged in the indictment. Brown also complains that the trial court erred in allowing testimony of extraneous offenses not previously disclosed in the State's notice of intent to introduce such testimony. We affirm Brown's conviction because his plea of true to the drug free zone enhancement allegation was sufficient to support the finding and because admission of the extraneous acts was harmless.

## I. Sufficient Evidence Supports the Drug Free Zone Enhancement

The indictment in this case alleged that the "offense alleged herein was committed in, on, or within 1,000 feet of premises of a playground, namely: Buttons and Bows Daycare and Preschool, Paris, Lamar County, Texas." Brown complains that while the indictment alleged Buttons and Bows was a playground, the evidence showed that it was a daycare. Brown complains, therefore, that "a material variance existed between" the indictment "and the proof at trial which is fatal to the finding of a 'drug free zone' violation as alleged in each case." In other words, Brown argues that the State was required to prove that Buttons and Bows was a

---

[1]In a single brief, Brown appeals this conviction, as well as the following convictions: (1) delivery of cocaine in an amount of less than one gram within a drug free zone in cause number 06-11-00062-CR; (2) delivery of cocaine in an amount of more than one gram but less than four grams within a drug free zone in cause number 06-11-00063-CR; and (3) delivery of cocaine in an amount of more than one gram but less than four grams within a drug free zone in cause number 06-11-00064-CR. All cases were consolidated for trial.

playground.[2]  However, because Brown pled true to the enhancement allegation, the evidence

was sufficient to establish that the crime occurred in a drug free zone as alleged in the indictment.

In *Wilson v. State*, the Texas Court of Criminal Appeals explained:

> Pleas of "guilty" or "not guilty" do not constitute evidence.  Therefore, the State
> must present evidence to disprove a plea of "not guilty" beyond a reasonable doubt,
> or to prove a plea of "guilty[.]"  However, pleas to enhancement allegations are
> different from pleas to the guilt-innocence phase of trial because a plea of "true"
> does constitute evidence and sufficient proof to support the enhancement
> allegation.  Such a plea is one of several methods that may be used to prove up the
> enhancement allegation.  A plea of "true" will satisfy the State's burden of proof
> for enhancement allegations.

671 S.W.2d 524, 526 (Tex. Crim. App. 1984) (citations omitted).  A drug free zone finding is

necessary to enhance punishment; it is not an element of the offense or a separate offense.  *Young

v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000); *see Williams v. State*, 127 S.W.3d 442, 445

(Tex. App.—Dallas 2004, pet. ref'd).  Thus, a plea of true to the allegation that a drug offense was

committed within a drug free zone is sufficient to sustain such a finding.

Here, after Brown pled guilty to the offense, the trial court asked, "As to the allegations . .

. that the offense occurred in a drug-free zone, is that allegation true or not true?"  Brown

responded, "It's true."  His written, signed confession also stated, "Any enhancement . . . set forth

in the Indictment, if any, are true and correct."  Therefore, because Brown pled true to the

enhancement, "the State's burden of proof is satisfied and [Brown] cannot complain on appeal that

the evidence is insufficient to support the enhancements."  *Williams v. State*, 309 S.W.3d 124,

[2]The complaint stems from Officer Jeff Springer's testimony that Buttons and Bows is a daycare center which "sits just east and across the street" from a playground.

3

129 (Tex. App.—Texarkana 2010, pet. ref'd).   Accordingly, Brown's first point of error is overruled.

**II.     Admission of the Extraneous Offense Evidence Was Harmless**

A trial court's decision to admit or exclude evidence of extraneous offenses is reviewed only for abuse of discretion.  *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *McClure v. State*, 269 S.W.3d 114, 116 (Tex. App.—Texarkana 2008, no pet.).   A trial court does not abuse its discretion if the decision to admit evidence is within the "zone of reasonable disagreement."  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).   We may not substitute our own decision for that of the trial court.  *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).   If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed.  *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379.

Article 37.07, Section 3(a)(1) allows for admission of any evidence the trial court "deems relevant to sentencing."  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2010).   The Legislature has expressly provided that relevant punishment evidence includes, but is not limited to, both character evidence in the form of opinion testimony as well as extraneous offense evidence.   However, Article 37.07, Section 3(g) states:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of

4

> Evidence. . . . The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (West Supp. 2010). The State's obligation to comply with the notice requirement in Article 37.07 was triggered when Brown filed his request.

The State's notice warned of intent to introduce "each and every extraneous offense, crime, wrong and act . . . noted below as well as those identified in offense reports or other documents and recordings presented in the State's file." Among other specified convictions, the notice warned Brown that the State would present prior convictions of assault causing bodily injury, possession of marihuana, unlawful carrying of a weapon, and driving while license suspended. Brown stipulated to the admission of these convictions.

Brown's complaint focuses on extraneous offense testimony of Selena Wolfe,[3] who testified that she purchased drugs from Brown. Brown objected that the following testimony was extraneous offense testimony which was not included in the State's notice.

> Q.      How many times, approximately, total, that summer did you buy from him?
>
> A.      It was a lot.   I mean, I can't --
>
> [Brown's Counsel]:  Objection, Your Honor.  We're getting into the offenses for which they've not given -- extraneous offenses for which they've not given notice.

---

[3]Wolfe was identified as a witness for the State in one of the four cases which were all consolidated for trial.

5

THE COURT: Overruled.

Q. (By Mrs. Pollard) How many times is a lot to you?

A. Forty or fifty times, maybe.

During cross-examination, defense counsel attempted to elicit testimony from Wolfe to establish that Brown was a drug user rather than a dealer. He established that she and Brown used drugs together, both had a bad drug habit, and reiterated that she was buying drugs from Brown, paying $20.00 to $70.00 each time. He then asked Wolfe if Brown was "more as a dealer or more as a user," to which she answered, "[E]qual." Wolfe was then asked if Brown had gotten into trouble with his supplier, and she explained that you get "in the hole with the dealer means -- when you either use more or give away more or something."

After cross-examination, the State asked the following:

Q. How many suppliers did Mr. Brown have?

Wolfe then named the five suppliers.

She later stated he received three to four deliveries every week.

Later Wolfe was asked:

Q. So, on the average, how many customers did Mr. Brown have per week?

A. He had customers come in and out all day, about 30 to 40 people.

Q. Are these regular people you'd see over and over?

A. Yes, ma'am.

6

> Q.      Of the ones that you witnessed the buys, how much was he selling?
>
> [Brown's Counsel]:  Object again, Judge, to extraneous offenses not previously provided in response to the requested notices.
>
> [The State]:  Response, Your Honor --
>
> THE COURT:  Overruled.
>
> [The State]:  Mr. Starnes has waived the objection.  He asked about Mr. Brown's dealing --
>
> THE COURT:  I understand.  His objection is overruled.
>
> . . . .
>
> A.      Anywhere from [$]20 to $40 at a time.

Citing to these exchanges, Brown argues that Article 37.07, Section 3(g) was violated.

"The purpose of Article 37.07, § 3(g) is to avoid unfair surprise, so that the defendant will have adequate time to prepare for the extraneous offense evidence the state will present at trial." *James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no pet.).  The sufficiency of the State's notice of extraneous offense evidence depends on the circumstances of each case.  *Webb v. State*, 36 S.W.3d 164, 178 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).  The trial court has discretion to determine what constitutes substantial compliance with the statute's notice requirement; however, it may not use its discretion to excuse outright noncompliance.  *See Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (addressing TEX. R. EVID. 404(b)'s similar notice requirement).

7

Here, the State's notice made no mention of additional drug sales by Brown. Such extraneous offenses were also not identified "in offense reports or other documents and recordings presented in the" record. Article 37.07, Section 3(g) specifically states that in order for notice of "extraneous crime[s] or bad act[s] that [have] not resulted in a final conviction" to be reasonable, at a minimum, the State must provide "the date on which and the county in which the alleged crime[s] or bad act[s] occurred." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g). This was not provided in the State's notice. Thus, it was insufficient to provide notice to Brown of the numerous drug sales described by Wolfe. *See James*, 47 S.W.3d at 714.

At trial, the State argued that Brown waived the objection to the extraneous offense evidence by his cross-examination of Wolfe, which included testimony about Brown's drug habit and suppliers. This cross-examination appeared to be an attempt to portray Brown as a drug user who only sold drugs to support his habit, rather than for financial benefit. The law does recognize a waiver of error in admitting evidence if the same evidence is otherwise admitted without objection (in this case elicited by Brown). *Massey v. State*, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996). The corollary is that no waiver occurs if the defendant presents evidence to meet, explain, or mitigate the effect of the inadmissible evidence. *See Maynard v. State*, 685 S.W.2d 60, 66 (Tex. Crim. App. 1985) (defendant not required to sit mute in face of harmful evidence to preserve issue for appellate review). We do not find that the cross-examination of Wolfe

8

concerning Brown's drug habit and suppliers waived his objection to Wolfe's testimony concerning her many drug purchases and the numerous other drug sales she observed.

Next, we must determine whether the admission of Wolfe's testimony was harmful. Although the notice provision of Article 37.07, Section 3(g) is mandatory, failure to comply does not automatically constitute grounds for reversal. *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002). Erroneous admission of extraneous offense evidence in violation of Article 37.07, Section 3(g) is nonconstitutional error; therefore, we analyze it to determine whether the error affected a substantial right of the defendant. Tex. R. App. P. 44.2(b); *see James*, 47 S.W.3d at 714; *Luna v. State*, 301 S.W.3d 322, 326 (Tex. App.—Waco 2009, no pet.) (citing *Apolinar v. State*, 106 S.W.3d 407, 414 (Tex. App.—Houston [1st Dist.] 2003), *aff'd on other grounds*, 155 S.W.3d 184 (Tex. Crim. App. 2005)).

We evaluate the effect of the error in admitting extraneous offense evidence without adequate notice in light of the purpose of Article 37.07, Section 3(g), which is to prevent surprise to the defendant. *Luna*, 301 S.W.3d at 326; *Roethel v. State*, 80 S.W.3d 276, 281–82 (Tex. App.—Austin 2002, no pet.) (noting purpose of Article 37.07's notice requirement is to enable defendant to prepare to meet extraneous offense evidence and that harm is assessed in view of whether statute's purpose of preventing surprise was thwarted); *see McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005); *Hernandez*, 176 S.W.3d at 824 (where defendant objected only to Rule 404(b) lack of notice, not substantive admissibility of extraneous acts,

9

appellate court considers only harm caused by lack of notice and effect on defendant's ability to mount adequate defense).  "This analysis requires examining the record to determine whether the deficient notice resulted from prosecutorial bad faith or prevented the defendant from preparing for trial."  *Luna*, 31 S.W.3d at 326 (citing *Roethel*, 80 S.W.3d at 282).  "In determining the latter,[4] appellate courts look at whether the defendant was surprised by the substance of the testimony and whether that affected his ability to prepare cross-examination or mitigating evidence."  *Id.* (citing *Roethel*, 80 S.W.3d at 282).

Brown did not claim that he was surprised by Wolfe's testimony during trial.  With respect to this issue in his brief, Brown merely stated,

> Appellant's counsel clearly was surprised from such testimony.  From the discovery produced, he expected testimony from Selena Wolf[e] as to only one transaction in the one case for which she was the Appellant's co-defendant.  Instead, he was faced with forty to fifty transactions over a two to three week period and other drug deals occurring with thirty to forty people per week.  Appellant clearly had nothing with which to counter such testimony and had no reason to anticipate the same.

Despite Brown's contentions, "we will examine the record to determine whether the deficient notice . . . prevented the defendant from preparing for trial."  *Roethel*, 80 S.W.3d at 282.

---

[4]Statements in Brown's brief that "the State obviously knew about [Wolfe]," "obviously the State had talked with her," "from the questioning, it is clear that the State possessed the information concerning these forty to fifty transactions prior to the trial," and the allegation that "[t]he State consciously chose not to list the [extraneous offenses] in the notice despite possessing the information," even if interpreted as prosecutorial misconduct, were not represented to the trial court below.   In any event, "wholly conclusory [statements], offering no explanation of, much less argument supporting, [a defendant's] allegation of prosecutorial misconduct" is inadequate.  *Garcia v. State*, 887 S.W.2d 862, 876 (Tex. Crim. App. 1994), *abrogated on other grounds*, *Rankin v. State*, 46 S.W.3d 899, 892 (Tex. Crim. App. 2001).  Additionally, there is no evidence in the record as to when the State acquired the information related to the extraneous offenses highlighted by Wolfe.

Brown did not indicate surprise to the court below or request additional time to prepare for cross-examination. We attribute this to the fact that Brown knew that Wolfe would be called to testify in the consolidated trial. In addition to being Brown's co-defendant in one of the drug cases, Wolfe testified that she was living with Brown, where drug transactions, including the sales to her, would occur. Brown's counsel had the opportunity to confer with Wolfe prior to trial. During this pretrial meeting, Wolfe stated Brown had "gotten in trouble with his supplier." Thus, Brown's counsel was aware that Wolfe, who lived with Brown and was an alleged co-defendant in a delivery of a controlled substance case, knew that Brown was a drug dealer. Perhaps that is why Brown did not indicate surprise or mention to the trial court that he was unable to mount a defense to Wolfe's testimony relating to the numerous drug transactions.

Because the record does not show that the deficient notice impaired Brown's ability to prepare for Wolfe's testimony, we conclude that the deficient notice did not affect Brown's substantial rights. *See Roethel*, 80 S.W.3d at 283.

We overrule Brown's second point of error.

## III.    Conclusion

We affirm the trial court's judgment.


                                        Jack Carter
                                        Justice


11

Date Submitted:     September 7, 2011
Date Decided:       September 9, 2011

Do Not Publish