**AFFIRM; and Opinion Filed January 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01187-CR
No. 05-12-01189-CR

**VANCE LEMORRIS THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-42399-Y & F10-42400-Y**

## OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Vance Lemorris Thomas appeals two convictions for aggravated robbery with a deadly weapon. Appellant pleaded not guilty and was tried by a jury. The jury found appellant guilty of both offenses and assessed his punishment at ten years' imprisonment in each case. In four points of error, appellant contends that the trial court erred in admitting extraneous offense evidence during the guilt/innocence phase of trial and during the punishment phase, and that there is insufficient evidence in the record to support the court's orders that appellant pay court costs. We affirm the trial court's judgments.

The evidence shows that at about 10:30 p.m. on October 12, 2010, Kirk Marez met his friend Scott Simpson at Simpson's gated apartment complex in Mesquite. Simpson waited near the entrance in his car to let Marez's car in, and they both drove through the complex to

Simpson's apartment. Marez and Simpson saw a "bluish green" or "greenish" car with two men in it and thought the men looked out of place. Marez and Simpson parked near Simpson's apartment and got out of their cars. As they were walking up to the apartment, the greenish car pulled around the corner. A man jumped out of the passenger side, pointed a gun at Marez and Simpson, and demanded their money. He also demanded Marez's car. Marez and Simpson gave the man their keys and cash. The driver of the car was yelling to the gunman to "shoot them" and "kill them." The gunman got in Marez's car and followed the greenish car out of the apartment complex.

A few weeks later, Mesquite Police Officer Jerry Walzel stopped a car after it committed multiple traffic offenses. The car matched the description of one he had been told to be on the lookout for and matched the description of the car seen by Marez and Simpson. Officer Walzel arrested the driver of the vehicle, appellant, for the traffic offenses. Both Marez and Simpson picked appellant out of a photo lineup as the driver of the greenish car on the night they were robbed.

Detective Don Phillips interviewed appellant at the police station on the night of his arrest. During the first part of the interview, appellant denied having anything to do with the aggravated robberies of Marez and Simpson. Appellant gave Detective Phillips consent to search his car and apartment. Appellant went with Phillips to his apartment while it was searched, and then they returned to the police station to continue the interview. During the second part of the interview, appellant indicated he took part in the aggravated robberies in order to pay his rent. Both of Detective Phillips's interviews with appellant were videotaped and played in part for the jury. Phillips also testified that while he was at appellant's apartment with him, appellant said that he had not robbed anyone, but his brother had and that he drove his brother to commit the offenses.

–2–

Appellant testified in his own defense. He admitted telling Detective Phillips that he was involved in these robberies, stating, "I was telling him what he wanted to hear." He testified he did this because he was scared and intimidated. According to appellant, Phillips threatened to put additional charges on him. Specifically, Detective Phillips told appellant to say he did it or Phillips had eight or nine other robberies he would pin on him. Appellant testified that everything he told Phillips in the second interview was a lie and testified that he had nothing to do with the robberies of Marez and Simpson.

In his first point of error, appellant contends the trial court erred in admitting evidence during the guilt/innocence phase of trial of an extraneous aggravated robbery. Appellant complains about the following exchange during his cross-examination:

Q. Right. [Detective Phillips] told you and you even admitted that there was a white girl that you and your brother robbed on a different day. Right?

A. If I said it, which I don't recall saying it, but it was, it was coerced.

Q. So when the detective said, so tell me about the other one. You said it was a white girl, but it's a blur. I was driving my brother. I didn't get out, but he did. You don't remember that part of the video?[1]

A. No.

Q. Do you remember when he said, the detective said, why did you pick her? You said, I didn't pick her. I just drive the car. Do you remember saying that?

A. No, ma'am.

Appellant did remember saying he did not take "the white girl's" phone. Appellant asserts the trial court erred because there was no legitimate purpose for this evidence and it served only to show appellant's propensity to commit crimes.

Defense counsel did not object when the State cross-examined appellant about the extraneous offense. Before trial, appellant filed a motion in limine in each case asking the court

---

[1] The State did not play for the jury the portion of the videotaped interview that contained appellant's admission that he committed this extraneous aggravated robbery.

to instruct the prosecution not to mention any extraneous offenses and asking for a hearing outside the presence of the jury on the admissibility of any such offenses. The trial court granted appellant's motions. The record shows that during trial several off-the-record discussions took place, presumably regarding the extraneous offense evidence. One of these off-the-record discussions took place shortly before the testimony quoted above. Not until the jury began its deliberations on appellant's guilt or innocence did appellant's counsel attempt to make a record of what was discussed off the record. To preserve a complaint for appellate review, the record must show that a party presented to the trial court a timely objection stating the specific grounds for the desired ruling. *See* TEX. R. APP. P. 33.1(a). An off-the-record objection does not preserve a complaint for our review. *Hullaby v. State,* 911 S.W.2d 921, 926 (Tex. App.—Fort Worth 1995, pet. ref'd). Because appellant's actual objection to this evidence, as well as the court's ruling, was made during an unrecorded bench conference, we conclude appellant has waived this point of error.[2]

Even if we consider the merits of appellant's point, his argument is not valid. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. EVID. 404(b). It may, however, be admissible for other purposes. *Id.* Rebuttal of a defensive theory is one of the other purposes for which extraneous offense evidence may be admitted under rule 404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Further, otherwise inadmissible extraneous offense evidence may be admissible if a party opens the door. *Id.*; *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). When the defendant leaves a false impression with the jury, this opens the door for the State to introduce extraneous offense evidence to correct the false impression.

---

[2] We recognize that it is not necessary to repeat an objection before the jury if a trial court hears objections outside the jury's presence and rules that the evidence is admissible. *See* TEX. R. EVID. 103(a)(1); *Geuder v. State*, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Here, however, the objections were not only made outside the presence of the jury, they were also made off the record.

*Sandoval v. State*, 409 S.W.3d 259, 302 (Tex. App.—Austin 2013, no pet.). A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Williams,* 301 S.W.3d at 687.

Here, appellant testified and denied committing the aggravated robberies of Marez and Simpson. He attempted to explain why he admitted committing these offenses to Detective Phillips. His explanation was that he did so because he was afraid and intimidated. According to appellant, Phillips told him to confess or he would pin other similar crimes on him. Appellant's testimony created the impression that he was coerced into falsely confessing to the robberies of Marez and Simpson because he was afraid of being wrongly charged with other offenses. Evidence that appellant committed a similar aggravated robbery and also confessed to it serves to rebut appellant's testimony that he was coerced into confessing to these robberies. Through his testimony, appellant opened the door to this extraneous offense evidence. The trial court did not abuse its discretion when it allowed this evidence. We overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred in overruling his objection to evidence during the punishment phase of two extraneous aggravated robbery offenses. Appellant complains of further testimony about the aggravated robbery against "the white girl," now identified as Crystal Smith, and also evidence about the aggravated robbery of "a Mexican man." Appellant contends the evidence was inadmissible because the State did not sufficiently prove that he was the person who committed these extraneous robberies.

Again, we conclude appellant has waived this point of error. When Detective Phillips testified during the punishment phase, the prosecutor asked him if he told appellant he was looking at him for eight or nine robberies. At that point, defense counsel asked for a running objection "pursuant to the previous sidebar." The court asked if he wanted to make a new

objection in the punishment phase or the exact same objection. Defense counsel asked for the exact same objection, and the trial court overruled it. Thus, the record does not reflect the specific objection appellant was making at this time. *See* TEX. R. APP. P. 33.1(a). It was not until after Phillips and Smith testified that defense counsel sought to clarify the record as to what he asked for in the off-the-record sidebar. Appellant's earlier off-the-record objection does not preserve this complaint for our review. *See Hullaby,* 911 S.W.2d at 926.

Even if we consider the merits of appellant's complaint about the extraneous offense evidence admitted at punishment, we conclude the trial court did not abuse its discretion. Detective Phillips testified that he was investigating eight or nine other robbery cases that occurred in the same general area as these cases and had the same "MO." He was only able to file charges against appellant for the robberies of Marez and Simpson. The prosecutor asked Phillips about an aggravated robbery against Crystal Smith. That robbery occurred four days before the robberies of Marez and Simpson and in the same general vicinity. Detective Phillips testified that, during the second part of their interview, appellant admitted that he had committed an aggravated robbery against "a white girl." Smith was unable to identify appellant in a lineup and therefore no charges were filed. Smith testified that in October 2010, she parked at her apartment complex in Mesquite at about 10 p.m. As she walked to her apartment, a blue car with a man in it pulled up behind her. A different man put a gun near her forehead and demanded her purse and money. After Smith gave the man with the gun her purse, he got in the passenger side of the car, and the car sped out of the apartment complex.

Detective Phillips also testified appellant admitted during their interview that he robbed a Mexican man as well. During the search of appellant's apartment, Phillips found Mexican money. No charges were filed in this case because the complainant did not come to see the police.

Article 37.07 of the code of criminal procedure permits evidence during the punishment phase of any matter the court deems relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2013). This includes evidence of an extraneous or crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible. *Id.*; *see Smith v. State,* 227 S.W.3d 753 (Tex. Crim. App. 2007); *Haley v. State*, 173 S.W.3d 510, 514 (Tex. Crim. App. 2005). As stated, we review a trial court's decision as to the admissibility of extraneous offense evidence under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

Detective Phillips testified that appellant admitted to him that he robbed Smith and the Mexican man. Evidence that appellant confessed to the extraneous offenses is sufficient to support the conclusion that he committed the extraneous aggravated robberies beyond a reasonable doubt. *See McClure v. State*, 269 S.W.3d 114, 118-19 (Tex. App.—Texarkana 2008, no pet.); *Malpica v. State,* 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003, pet. ref'd); *Padron v. State*, 988 S.W.2d 344, 346 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (extrajudicial confessions to extraneous offenses need not be corroborated at punishment phase of jury trial). The trial court did not abuse its discretion in allowing this extraneous offense evidence. We overrule appellant's second point of error.

In his third and fourth points of error, appellant contends there is insufficient evidence in the records to support the trial court's order that he pay $264 in court costs in each case. He requests that we reform the judgments to delete the court costs because the clerk's records do not contain a bill of costs. Because the records did not contain cost bills, we ordered the Dallas County District Clerk to file supplemental records containing a detailed itemization of the costs assessed in these cases. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow

supplementation of clerk's record if relevant item has been omitted). The itemization of costs contained in the supplemental clerk's records did not comply with the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006). Accordingly, we ordered second supplemental clerk's records to be filed in compliance with articles 103.001 and 103.006, and the Dallas County District Clerk did so.

Appellant has filed two objections to the second supplemental clerk's records. He contends that (1) the unsigned, unsworn computer printouts of costs the second supplemental records contain are not proper bills of costs, and (2) the computer printouts of court costs are deficient because there is no indication they existed at the time the judgments were entered or that they were brought to the trial court's attention before costs were entered in the judgments. This Court has previously addressed and rejected both of these arguments. *See Coronel v. State,* No. 05-12-00493-CR, 2013 WL 3874446, at *4-5 (Tex. App.—Dallas July 29, 2013, pet. ref'd). We overrule appellant's objections to the second supplemental clerk's records. Because the records now contain cost bills supporting the assessment of costs in these cases, appellant's complaint that the evidence is insufficient is moot. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). Accordingly, we overrule appellant's third and fourth points of error.

We affirm the trial court's judgments.


/Ada Brown/
_____
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121187F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VANCE LEMORRIS THOMAS, Appellant

No. 05-12-01187-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-42399-Y.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of January, 2014.

/Ada Brown/

ADA BROWN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VANCE LEMORRIS THOMAS, Appellant

No. 05-12-01189-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F10-42400-Y.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of January, 2014.

/Ada Brown/

ADA BROWN
JUSTICE